COCHECO AQUEDUCT ASSOCIATION *v.* BOSTON & MAINE R. R.

When an action cannot be maintained upon an executory agreement of
  the defendants to .pay for water to be delivered by the plaintiffs, because the agreement is not to be performed within one year and is
  not in writing, the agreement is not evidence of an implied promise of
  the defendants to pay the plaintiffs for making preparations to perform
  the contract, the preparations not being beneficial to the defendants.
In such case the defendants' request that the plaintiffs would be ready by
  a certain time to furnish the water according to the original contract,
  is not evidence of a promise to pay for such preparations.

ASSUMPSIT, on the common counts for labor performed and materials furnished in constructing an aqueduct.   The plaintiffs' evidence tended to show an oral contract, whereby the defendants agreed to receive from the plaintiffs, for ten years, at a price named, a quantity of water daily, at a round-house to be built by the defendants.   After the contract was made, Bickford, an agent of the defendants, requested the plaintiffs to proceed to construct their aqueduct at once, and complete it by the first of the next January, saying, although the round-house was not built the water would be useful in making mortar for its construction.   The plaintiffs also purchased some six-inch iron pipe, at Bickford's request, to lay under the track of the railroad.   The plaintiffs purchased of land-owners the right to construct an aqueduct across their land, dug a ditch and laid water-pipes for the distance of about half a mile in the direction of the proposed site of the round-house, when, observing that the defendants were not proceeding to build their round-house, and the ground becoming frosty, the plaintiffs discontinued their work.   Subject to the defendants' exception, the court refused to order a nonsuit, and charged the jury that if the plaintiffs performed the labor and furnished materials at the request of the defendants, or in pursuance of a contract which they were prevented from completing through the fault of the defendants, the

plaintiffs could recover as damages the expense of the labor and materials less the value of the aqueduct, although the defendants had received no benefit.   Verdict for the plaintiffs.

*Hatch*, for the defendants.

*Hall* and *Copeland*, for the plaintiffs.

BINGHAM, J.  The plaintiffs cannot maintain an action upon the defendants' executory agreement to take the water and pay for it, because it was not to be performed within one year, and was not in writing; nor upon an implied promise to pay for water, because none has been furnished.   But they seek to recover for the cost of their aqueduct, which they were constructing for the purpose of supplying the water they had agreed to furnish.   In view of the evidence, and the refusal to order a nonsuit, the charge to the jury must have meant, that if the aqueduct was constructed to supply the water which the defendants contracted to receive, or if the defendants requested its construction by the first of the next January, the plaintiffs could recover upon an implied promise to pay for the cost of the aqueduct.  A plaintiff may sometimes recover on a promise implied from the circumstances by a natural and reasonable inference of law or fact.   2 Gr. Ev., *s.* 102.   Generally, there can be no legal inference of an implied promise to pay for labor and materials, unless they were furnished at the defendant's request, either express, or implied from his conduct or the circumstances, or unless the defendant has received some pecuniary benefit for which he ought to pay.   2 Gr. Ev., *s.* 107; Abb. Ev. 358.   By the statute of frauds, a plaintiff cannot recover upon certain executory contracts if they are not in writing.   But if the plaintiff has incurred expense in the performance or partial performance of such a contract, and the defendant has been benefited thereby, the plaintiff may recover, not upon the oral contract, upon which the statute says no action shall be brought, and which is accordingly ignored, but upon an implied promise.   *Lane* v. *Shackford*, 5 N. H. 130; *Ham* v. *Goodrich*, 37 N. H. 186; *Emery* v. *Smith*, 46 N. H. 155; 3 Pars. Cont. 35, 39, 58.   A party to a contract affected by the statute of frauds can recover only when the circumstances are such that he could recover if there were no express contract.   To render the defendants liable upon an implied promise to pay for the aqueduct, it must have been constructed in the performance of a contract, and the defendants must have received some benefit from it.   They do not own it, and it has not supplied them with water.   The aqueduct was built by the plaintiffs for their own use.   They own it now, and they would have owned it if they had completed it.   Having received no benefit from the aqueduct, the defendants are not liable, although the plaintiffs may suffer because unable to enforce the water contract.   *Dowling* v. *McKenney*, 124

Mass. 481. Moreover, the aqueduct was not constructed in the performance of the contract, which was only for the delivery of a certain quantity of water daily. The plaintiffs were constructing the aqueduct in order to get ready to furnish the water. The law does not imply a promise to pay for getting ready to perform a contract. *Smith* v. *Surman*, 9 B. & C. 568. If a contract for the sale of goods is within the statute of frauds, and the vendee refuses to accept them, the vendor cannot recover for the expense of hauling, packing, and transporting the goods, getting them ready for delivery. *Dowling* v. *McKenney*, *supra ; Irvine* v. *Stone*, 6 Cush. 508 ; *McMullen* v. *Riley*, 6 Gray 500 ; *Prescott* v. *Locke*, 51 N. H. 94.

It is claimed that the defendants are liable because they requested the plaintiffs to build the aqueduct. After the water contract was made, Bickford, an agent of the defendants, requested the plaintiffs to proceed to construct their aqueduct at once, and complete it by the first of the next January. In order to enable the plaintiffs to recover for the cost of the aqueduct, it must have been constructed at the defendants' request ; that is, the request must have been the motive or inducement for its construction. The plaintiffs were not induced to construct the aqueduct by Bickford's request. Before the request was made they intended to construct it. The motive and inducement for its construction was the contract, which they had previously made to supply the defendants with water. It was not in effect a request to construct an aqueduct. It was a request in regard to the time when the plaintiffs should construct the aqueduct, which, before the request was made, they intended to construct. It was merely a request that the plaintiffs should get ready to perform the water contract by a certain day. As already shown, a plaintiff cannot recover for getting ready to perform an oral contract, although it is revoked by the defendant because within the statute of frauds before any part of it is executed. An oral request to perform that oral contract, or to get ready to perform it, cannot add to its validity or legal effect. If the defendants are liable now by reason of the request, they would be liable if the water contract were completely executed and the price of the water paid. To create a liability by a request, a contract is inferred, complete in itself, the consideration being the act done upon request, and the promise or assent inferred from the request. It is an independent contract, and its validity is unaffected by the fact that some other contract has been or has not been performed. If the defendants had received and paid for all the water, it would not be claimed that they were liable to pay for the aqueduct. Therefore they are not liable to pay for it now. The same view disposes of the requested purchase of six-inch iron pipe to be laid under the railroad track. The request evidently referred to the time or manner of constructing the plaintiffs' aqueduct, and making the preparation necessary for the performance of the water contract. It was not a request to

purchase the pipe for the defendants, or to do anything at their expense.

*Verdict set aside.*

ALLEN and CLARK, JJ., did not sit: the others concurred.