### HARRIS & a. v. ROUNSEVEL.

A contract for the sale of goods is not taken out of the statute of frauds by the vendee's preparation for receiving them, or by the vendor's not including the invalidity of the contract among the reasons given by him for declining to receive part payment, and for declining to deliver the goods.

ASSUMPSIT, for the non-delivery of about eight thousand pounds of wool, for the sale of which by the defendant to the plaintiffs an oral contract was made at forty cents a pound. Facts agreed. The contract was made in Claremont, where the wool was. The plaintiffs offered the defendant, in part payment, a check for $1,000 on Minot & Co., of Concord, who had several thousand dollars of the plaintiffs' money on deposit. The defendant declined to receive the check for the reason that he had no use for a part of the price. The whole price was to be paid as soon as the wool could be weighed, and the plaintiffs were to send their sacks for it as soon as possible. The sacks were sent two days afterwards, but the

defendant declined to receive them. He offered to pay the plaintiffs $40 if they would rescind the bargain, and he afterwards informed other persons that he had sold the wool to the plaintiffs. After several attempts to be released from the contract, he told the plaintiffs he was not sure he should deliver the wool, for the reason that they had deceived him in the price.

*Barnard & Barnard*, for the plaintiffs. The statute of frauds affects only the remedy upon the contract, is negative in its character, and reaches no farther than to deny the right of action to enforce agreements which would otherwise be valid. *Glass* v. *Hulburt*, 102 Mass. 24. Its provisions may be waived by the defendant. Nor can a third party, in a case where his own obligations growing out of the existence of the contract in question are concerned, deny the obligation of the contract upon the party who was to be charged thereby, or take any benefit of the protection which such party could claim in an action brought upon it against himself. Browne Stat. Frauds (4th ed.), s. 135; *Chicago Dock Co.* v. *Kinzie*, 49 Ill. 289; *Ames* v. *Jackson*, 115 Mass. 508; *Fowler* v. *Burget*, 16 Ind. 341. Contracts within the statute of frauds are not illegal because not put in writing, but are only incapable of being enforced against the defendant without a writing,—an immunity which the defendant may waive. Hence, when parol evidence of such a contract was given by the plaintiff without objection by the defendant at the time it was offered, and not until the testimony was closed and the arguments to the jury had commenced, it was held that the defendant had waived his right to object to the testimony. *Montgomery* v. *Edwards*, 46 Vt. 151; *Buckingham* v. *Osborne*, 44 Conn. 133. The liability of one town to another for the support of a pauper can only be enforced after certain notices have been given as provided by statute. Yet all such provisions may be waived by the town sought to be charged. *Hanover* v. *Weare*, 2 N. H. 132. And generally any right or privilege conferred upon a party for his exclusive benefit may always be waived by the party himself. *Page* v. *Pendergast*, 2 N. H. 235. When one summoned as trustee made answer that a debt was due from him to the defendant, but that he had verbally promised and considered himself bound to pay a debt to a greater amount due from the defendant to a third person, it was held that he was not obliged to set up the statute of frauds and avoid this promise, and that if he chose to recognize it he was not chargeable as trustee. Browne Stat. Frauds, s. 135; *Cahill* v. *Bigelow*, 18 Pick. 369; *Hall* v. *Soule*, 11 Mich. 494; *Godden* v. *Pierson*, 42 Ala. 370; *Bohannon* v. *Pace*, 6 Dana (Ky.) 194; *Garrett* v. *Garrett*, 27 Ala. 687; *Huffman* v. *Ackley*, 34 Mo. 277; *Houser* v. *Lamont*, 55 Penn. St. 311. The maker of a verbal guaranty may pay the amount and recover it from the original debtor, although the latter has forbidden its payment. *Beal* v. *Brown*, 13 Allen 114; *Ames* v. *Jackson*,

*supra; Dung* v. *Parker*, 52 N. Y. 494; *Baltzen* v. *Nicolay*, 53 N. Y. 467; *Mooney* v. *Elder*, 56 N. Y. 238; *Howard* v. *Sexton*, 4 N. Y. 157; *Bartlett* v. *Pickersgill*, 1 Eden 515; *Benton* v. *Pratt*, 2 Wend. 385. The question of waiver is one of fact, depending in a great measure upon the intention of the party at the time. *F. N. Bank* v. *H. L. Ins. Co.*, 45 Conn. 22, 44. The defendant waived the provisions of the statute, or what he did is evidence for a jury to find a waiver; and if the jury should find from all the evidence that he intended to waive and did waive the provisions of the statute, which otherwise he could set up, then the contract is still valid. Although the defendant did not actually receive the one thousand dollars as a matter of convenience to himself, still, for the purpose of considering the rights of the parties, he is to be considered as having received it, and as having asked the plaintiffs to keep it for a few days so that he might receive the whole amount in a single sum.

A party may be estopped from setting up this statute. The law on this point is well stated by *Wells, J*, in *Glass* v. *Hulburt*, 34, 35, *supra*. "The fraud most commonly treated as taking an agreement out of the statute of frauds is that which consists in setting up the statute against its performance after the other party has been induced to make expenditures, or a change of situation in regard to the subject-matter of the agreement, or upon the supposition that it was to be carried into execution, and the assumption of rights thereby to be acquired; so that the refusal to complete the execution of the agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss. In such case the party is held by force of his acts, or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds." Browne Stat. Frauds (4th ed.), s. 457a; *Swain* v. *Seamens*, 9 Wall. 254; *Neale* v. *Neales*, 9 Wall. 1; *Tate* v. *Jones*, 16 Fla. 216; *V. & M. R. R. Co.* v. *Ragsdale*, 54 Miss. 200; *Hayes* v. *Livingston*, 34 Mich. 384; *Gheen* v. *Osborne*, 11 Heisk. 61. The defendant gave the plaintiffs to understand that the amount offered by check was satisfactory in amount and kind of payment, and that he only requested the plaintiffs to hold it until the balance was paid, as a convenience to him. The defendant subsequently told other parties he had sold the wool to the plaintiffs. The case discloses sufficient facts to show that the price of wool had taken a sudden advance. The plaintiffs were buying for their own use; and from the defendant's offer it clearly appears that he understood they could not purchase the same amount of wool without paying at least forty dollars more than he was to receive. They had forwarded their sacks to Claremont in accordance with the terms of the agreement. These facts disclose a sufficient change of circumstances to estop the defendant from setting up this statute. At such a time, every manufacturer purchasing for his own

use would desire upon the first indications of the change in the market to use all his money and sacks to supply himself before farther advance. This the plaintiffs were prevented from doing by the conduct of the defendant. The plaintiffs were prevented from using the amount of money which this purchase involved (between three and four thousand dollars), and had placed their sacks beyond their immediate recall. By the defendant's change of position the plaintiffs lost the advanced price upon eight thousand pounds of wool.

After several attempts to be released from the trade, the defendant said that he was not sure that he should deliver the wool for the reason that he had been deceived in the price by the plaintiffs. He here assigned a specific reason for not delivering the wool, and in it is no reference to the statute of frauds. The reason assigned involves a question of fact which we are ready to submit to a jury. Having assigned a reason which the plaintiffs knew to be false, they based their future action upon testing the reason thus assigned; and knowing, as they did, the groundless nature of that claim, they had the right to expect that, subject to the truthfulness of that charge, they would receive the wool or its equivalent. This, also, operated to prevent the use of their money to the extent of this purchase.    *Carr* v. *Ins. Co.*, 60 N. H. 513.

*I. Colby*, for the defendant.    There was no delivery, no acceptance or receipt of any part of the property, nothing given in part payment or earnest to bind the bargain, and no note or memorandum in writing signed by the party to be charged, or by any person by him thereto authorized.    The contract was invalid.    G. L., c. 220, s. 16; *Prescott* v. *Locke*, 51 N. H. 94; *Edgerton* v. *Hodge*, 41 Vt. 676; *Rodgers* v. *Jones*, 129 Mass. 420; *Safford* v. *McDonough*, 120 Mass. 290; *Atherton* v. *Newhall*, 123 Mass. 141.

Doe, C. J.    Sending the sacks for the wool was a preparation made by the plaintiffs for completing the purchase. The preparation was not beneficial to the defendant, was not a service for the payment of which his promise can be implied from the facts stated, and was not one of the statutory conditions that would give validity to the contract of sale.    G. L., c. 220, s. 16; *C. A. Association* v. *B. & M. Railroad*, 59 N. H. 312, 314.    Notice may generally be waived.    *Lyman* v. *Littleton*, 50 N. 42.    In legal proceedings, a party may waive an objection by not presenting it seasonably.    *State* v. *Richmond*, 26 N. H. 232, 247; *Boyce* v. *Railroad*, 43 N. H. 627.    The defendant presented his defence in court at his first opportunity.    The legislature intended that such a contract should not be valid, and that its invalidity should not be waived by such oral statements as were made in this case.

*Case discharged.*

Stanley, J., did not sit: the others concurred.