Hillsborough,  
 June, 1898.

### MARTIN *v.* BATCHELDER *& a.*

An oral agreement which may be fully performed within a year, although it can be done only by the occurrence of some improbable event, is not within the statute of frauds.

REPLEVIN, for a horse. Trial by the court. The plaintiff's evidence tended to show that he delivered the horse to the defendant Herman, May 28, 1895, under an oral agreement made prior to May 1, by which Herman was to keep the horse a year for the use of it. Herman used it awhile and then caused it to be pastured, and afterward to be kept by the defendant Charles. The defendants claimed a lien upon the horse for its keeping. There was a finding in favor of the plaintiff, subject to the defendants' exception.

*John P. Bartlett,* for the plaintiff.

*Burnham, Brown & Warren,* for the defendants.

CHASE, J. As the exception was general and no brief has been furnished, the error which the defendants intended to allege by the exception is a matter of conjecture. If it was that the agreement set up by the plaintiff was within the statute of frauds because it was not to be performed within one year from the time it was made (P. S., *c.* 215, *s.* 2), the exception must be

overruled. "If by its terms, or by reasonable construction, the contract can be fully performed within a year, although it can only be done by the occurrence of some contingency by no means likely to happen,— such as the death of some party or person referred to in the contract, the statute has no application and no writing is necessary." *Blanding* v. *Sargent*, 33 N. H. 239, 245; *Gault* v. *Brown*, 48 N. H. 183, 189. If the horse — the subject of the contract in this case — had died within the year after the agreement was made, the agreement would have been fully performed. Upon the happening of this event, Herman would have had the use of the horse as long as the contract entitled him to it under the circumstances, and the plaintiff would have received full compensation therefor. Nothing would remain to be done by either party. The expectation of the parties when the contract was made, that more than a year would elapse before it would be fully performed, was immaterial, since their intent allowed of its complete performance within a year if the horse died within that time. In this respect, the contract does not differ from those considered in the cases cited. See, also, *Peters* v. *Westborough*, 19 Pick. 364.

*Exception overruled.*

CLARK, C. J., did not sit: the others concurred.