Rockingham, ⎱
May 3, 1921. ⎰

### John Cox (Rockingham County *plaintiff in interest*)
### *v.* Lewis Pinkham.

Evidence of a promise to "clothe, educate and care for" a minor will warrant the finding of a promise to support and care for him; but such promise does not include funeral charges.

A contract to support and care for a minor until he should complete two years at school is not a contract not to be performed within one year within the meaning of P. S., c. 215, s. 2.

Emancipation is not to be presumed, but may be implied from circumstances; whether there has been an emancipation is a question of fact.

A parent may assign to a county a contract for the support of his minor child and the county may recover thereon though the parent has not paid the claim of the county against him and irrespective of his otherwise having sufficient ability to pay it.

In an action upon a contract for the support of a minor in consideration of his services, evidence as to how he was clothed and what work he did is relevant.

A judgment is not *res adjudicata* as to third parties.

ASSUMPSIT, to recover an amount equal to the sum the county paid Charles Pinkham for the care, etc., of Cox's minor son. Trial by jury and verdict for the plaintiff.

The plaintiff claimed that the defendant in consideration of the boy's services, agreed to support and care for the boy until he should have completed two years in the academy at Northwood. Before the expiration of that period the boy was taken ill and died. Care was furnished by Charles Pinkham and by him recovered for from the county. His judgment for $324.49 included $50 for funeral charges.

The defendant's motion for a nonsuit was denied, subject to exception. Other exceptions, the grounds for this one, and further facts, are stated in the opinion. Transferred from the May term, 1920, of the superior court by *Young*, J.

*William H. Sleeper*, solicitor (by brief and orally), for the plaintiff.

*Snow, Snow & Cooper* and *John L. Mitchell* (*Mr. Cooper* orally), for the defendant.

PEASLEE, J. The motion for a nonsuit is urged upon several grounds. It is claimed that the evidence is insufficient to warrant a finding that there was an oral agreement for support. The evidence comes from Cox and he states the talk in various ways. If

it is true that a critical and scholastic analysis of most of his statements would show that they fall short of covering the factors of support and care, yet his affirmative answer to the question whether the defendant was to "clothe, educate and care for" the boy, is all that is needed to take the case to the jury on this issue.

The provision of the statute of frauds relating to contracts not to be performed within one year (P. S., c. 215, s. 2) does not apply to cases where the personal element enters into the contract, so that it might be completed within a year, without breach by either party, upon the cessation of some life to which the contract related. *Martin* v. *Batchelder*, 69 N. H. 360, and cases cited. It may be that a different construction of the statute prevails in other jurisdictions, or is theoretically correct (Williston Cont., s. 496); but as pointed out in *Blanding* v. *Sargent*, 33 N. H. 239, 246, the local construction "may properly be considered as adopted by our legislature when the statute was reënacted." The defendant relies upon *Cocheco Aqueduct Association* v. *Railroad*, 59 N. H. 312, and *Emery* v. *Smith*, 46 N. H. 151. The *Cocheco* case was a suit upon a contract to furnish water for ten years, and no personal element was involved. The *Emery* case, holding a contract to render personal services for two years to be within the statute, is distinguishable upon the ground that nothing but the rendition of the service could be considered performance. This is said to be the general rule as to this class of contracts (25 R. C. L. 476); while contracts for support and education come under the principle that upon the death of the party to be supported the contract has been fully performed. (25 R. C. L. 470.)

In principle the present case is exactly like *Martin* v. *Batchelder*, *supra*. That was a case of letting a horse for its keeping, as this is one of hiring out a boy for his support and education. As in that case the agreement would have been fully performed if the horse had died within a year, so in this case the contract was terminated with full performance upon the death of the boy. The ruling that the contract was not within the statute was correct.

It is claimed that the boy had been emancipated by his father. Whether there has been an emancipation is a question of fact. It is not to be presumed, although it may be implied from circumstances. *Clay* v. *Shirley*, 65 N. H. 644. Upon the evidence here it could be found that Cox did what he could toward the support of the boy; that for four years before the contract in question was made he contributed a portion of his labor toward the boy's support, and that when the county notified him that it would not longer assist in the

matter he proceeded to make provision by the contract in question. If upon these facts, and the other evidence in the case, emancipation could have been found, it is plain that a conclusion that there was no emancipation was supported by sufficient evidence. As emancipation was not conclusively shown, it is unnecessary to consider whether, if it had been, the father's moral duty (*Kelley* v. *Davis*, 49 N. H. 187) or legal obligation (P. S., c. 84, s. 12) to support his son would have still existed, or whether, if those were non-existent or insufficient, other and sufficient grounds for a recovery of damages are to be found in the case.

Another defence made is that as Cox was poor and unable to support his son, he is not liable to the county for its claim; and that since he is not so liable he has no cause of complaint because Pinkham did not keep his agreement and furnish the support.

It is at least doubtful whether the argument that Cox was not liable to the county is open to this defendant. The defence against the county's claim upon the ground that Cox was not of sufficient ability to pay was one that Cox could make or not as he chose. It is apparent that he did not elect to set it up. He acknowledged his liability, and assigned the present claim in payment thereof. But aside from this, it could be found that his ownership of this claim against Pinkham was an asset which showed his sufficient ability to pay. Indeed, having provided by this agreement for the support in question, it may be doubtful whether a finding that he was not of sufficient ability to furnish it could be sustained.

Payment by Cox of the county's claim against him was not a necessary prerequisite to his suit for damages against Pinkham. *Lombard* v. *Company*, 78 N. H. 110.

The contract for support does not cover the funeral charges. The agreement looks only to support of a living person, and the item of $50 for funeral expenses cannot be recovered here.

The testimony of neighbors as to how the boy was clothed while living with the defendant, and what work the boy then did, was received subject to exception. The jury were instructed that the evidence was received solely for the purpose of showing performance by the boy of the agreement made by his father. The claim here is that the evidence had no such tendency, that it was prejudicial, and that therefore its admission was reversible error. It would seem to be reasonably if not necessarily incident to the narrative of how the boy conducted himself to show the situation and circumstances under which he did the work required of him. How far the plaintiff

should be permitted to go as to these incidental matters, was a question to be finally determined by the presiding justice.

The claim that the findings in the suit of Charles Pinkham against the county are *res adjudicata* and binding upon the parties to this suit is understood to be abandoned. The mere fact that the parties are not the same shows that the contention could not prevail.

*Judgment for the plaintiff for $274.49.*

YOUNG, J., did not sit: the others concurred.