Merrimack
No. 89-077

ROBERT E. K. MORRILL

v.

ELIZABETH M. MILLARD (MORRILL)

February 7, 1990

*Hall, Morse, Gallagher & Anderson,* of Concord (*Charles P. Bauer* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton P.A.,* of Manchester (*Jack B. Middleton* and *Dawn B. Brown* on the brief, and *Mr. Middleton* orally), for the defendant.

*Jonathan R. Seaver,* of Meredith, by brief, *pro se,* as *amicus curiae.*

BROCK, C.J.  This appeal arises from a Superior Court (*Manias,* J.) order, approving the recommendation of a Master (*Larry B. Pletcher,* Esq.) and modifying an existing divorce decree. The plaintiff argues that the trial court abused its discretion in increasing his child support obligations when no substantial change in circumstances had rendered continuation of the amount originally stipulated by the parties improper or unfair. Furthermore, he contends that the court abused its discretion in imposing upon him a child support obligation which, given the circumstances of the respective parties, is unduly burdensome. For the reasons that follow, we reverse.

The parties were married on August 4, 1979, and resided in Concord. One child, a daughter, was born prior to their divorce on May 17, 1985. According to their respective affidavits, at the time of divorce, the plaintiff, Robert E. K. Morrill, had assets of approximately $86,481 and an average annual gross income of $61,584. The defendant estimated her worth at $1,401,416, with an annual gross income of approximately $66,700.

The parties negotiated and signed a permanent stipulation. Under the agreement, legal custody of their daughter was to be shared, with the defendant retaining primary physical custody. The plaintiff was granted specific rights of visitation and was obligated to provide $250 per month as payment for child support. The plaintiff was to pay for one-half of the daughter's unreimbursed medical expenses and one-half of her education expenses for four years of preparatory school and four years of college. Property was

divided between the parties, with the defendant receiving title to the Concord residence. The plaintiff was paid the amount of $20,000 in satisfaction of any further claims that he might have against the property of the defendant or the commingled property of the parties. There was no provision for alimony.

Following the divorce, the defendant relocated to California, where she enrolled the parties' daughter in a private school. The plaintiff visited with his daughter approximately eight to ten weeks per year and made child support payments of $250 per month as provided in the permanent stipulation.

After the parties had reached their agreement, the New Hampshire Legislature enacted RSA chapter 458-C, effective April 30, 1988, which established "a uniform system to be used in the determination of the amount of child support" to be awarded. Laws 1988, 253:1. Under the statutory provisions, a non-custodial parent may be required to pay a "guideline" percent of his or her net income as child support. RSA 458-C:3 (Supp. 1988) (twenty-five percent for one child). The trial court retains discretion in determining the actual amount by making adjustments to the guideline based upon findings of special circumstances. RSA 458-C:5 (Supp. 1988). Chapter 458-C applies to both original orders and to orders resulting from modification. RSA 458-C:4 (Supp. 1988).

In September 1988, the defendant filed a petition to bring forward and modify the divorce decree. The petition alleged that there were "substantial changes in the financial circumstances of the defendant and her need for child support." The defendant requested that the trial court "[m]odify the plaintiff's child support obligation and increase his obligation in accordance with RSA 458-C. ..."

At the time the petition was filed, the plaintiff was remarried and had a stepdaughter living in his household. He and his wife had assets worth approximately $105,000 and his gross income was $68,269. The defendant was not remarried. She was unemployed and had plans to attend graduate school. She reported over $1,700,000 in assets and testified that her investment income was approximately $50,000.

After hearing testimony from the parties on January 20, 1989, the master found that the expense of raising the parties' child had "significantly increased due to increased food consumption, greater need for clothing, increased school costs, increase in extracurricular activities, sports, travel, and pets and associated costs." He found that, "[u]nder all the circumstances of this case," there was a "substantial change in financial circumstances." The master

then applied the provisions of RSA chapter 458-C and found that strict compliance with the statutory guideline would result in a monthly child support payment of $989. He then specifically took into consideration the cost and time of visitation, the relative financial circumstances of the parties and the plaintiff's obligations to his stepchild. Given these special circumstances, he reduced the proposed amount of child support to $600. The master's recommendation was approved by the trial court on January 23, 1989.

On appeal, the plaintiff alleges that the trial court erred in increasing his child support payment when continuation of the parties' original stipulation would not have been improper or unfair. Second, he contends that the master abused his discretion in failing to distribute equitably and proportionately between the parties the reasonable costs of raising their child.

■ The trial court has broad discretion in awarding and modifying child support. *Nicolazzi v. Nicolazzi*, 131 N.H. 694, 696, 559 A.2d 1335, 1337 (1989). The trial court is in the best position to determine the respective needs of the parties, and we will not disturb child support awards on appeal unless there is a clear abuse of discretion. *Id.*

■ To obtain a modification of child support obligations, the moving party must show a change in the circumstances of the parties that makes the original order improper or unfair. *Richelson v. Richelson*, 130 N.H. 137, 146, 536 A.2d 176, 182 (1987). The change of circumstances must be substantial. *McRae v. McRae*, 115 N.H. 353, 354, 341 A.2d 762, 763 (1975); *Fortuna v. Fortuna*, 103 N.H. 547, 549, 176 A.2d 708, 710 (1961).

■ In determining whether such a substantial change of circumstances exists, the trial court must evaluate the needs of the parties and their respective abilities to meet those needs. *Butterick v. Butterick*, 127 N.H. 731, 736, 506 A.2d 335, 338 (1986). During the course of the three years following the divorce, the plaintiff's annual income had grown from an average of $61,584 to $68,269 and his assets, including those which he shared with his second wife, had risen about $20,000. The defendant's income had declined by $16,700, perhaps because of her conservative investment strategy, but her reported assets had increased by $300,000. Although these figures are subject to differences in reporting and may be interpreted in ways which serve the parties' respective interests, it is clear that the relative financial circumstances of the parties have not changed substantially since their divorce.

The parties agreed to a stipulation for permanent orders which was incorporated into their 1985 divorce decree. Little more than three years later, the defendant filed her petition requesting modification of the child support provision. She alleged substantial changes in financial circumstances because: (1) her daughter had aged three years and the cost of feeding, clothing, educating and supporting her had increased; (2) she had enrolled her daughter in a private school; and (3) the cost of living had increased.

■ It is important to note that at the time the stipulation was negotiated and the divorce decree was issued, it was fully foreseeable that the satisfaction of basic needs would become more expensive as the child matured and that the cost of living would increase. Absent other factors, the expected growth of a child and normal increases in the cost of living are not special circumstances which justify the modification of a child support order.

■ The additional expense of sending a child to private school could merit reconsideration of child support obligations. For example, special education resulting from the discovery or development of learning disabilities may well warrant modification of an existing order. But in this case, the parties specifically considered and provided for their child's education through college. The private schooling at issue was purely at the election of the defendant, and there is no evidence in the record that such schooling was made necessary by some unforeseeable or unexpected contingency arising after their stipulation was signed and incorporated into their divorce decree.

■ We recognize that $250 is a small percentage of the plaintiff's income and that it is substantially less than the amount of child support prescribed under RSA chapter 458-C. But, the fact that the legislature has enacted child support guidelines is no reason to alter the permanent stipulation. When the parties are subject to an existing child support order, particularly when the terms of the order were negotiated and agreed upon by the parties, the guidelines are applied only after the trial court has determined that the standard for modification has been met.

■ Even though a reconsideration of the circumstances of the parties and the needs of the child might produce a different result from that which is in effect, the stipulation, to which the parties knowingly agreed, was intended to be permanent. Such an agreement should not be modified unless there is a substantial change in the circumstances, making the current support amount

either improper or unfair. After reviewing the record, evaluating the needs of the child, and comparing the circumstances of the parties, we conclude that there has not been a substantial change of circumstances warranting modification of the parties' child support agreement. We therefore hold that the trial court clearly abused its discretion when it ordered such a modification.

Because we hold that the trial court erred in modifying the child support agreement, we need not address the plaintiff's second claim regarding the determination of the post-modification amount. For the same reason, we also do not address the arguments of the *amicus curiae* regarding the application and validity of the statutory guidelines set forth in RSA chapter 458-C.

*Reversed.*

All concurred.