Hillsborough
No. 90-025

PETER O. HUTCHINSON

v.

CAROL L. HUTCHINSON

December 31, 1990

*Hall, Morse, Gallagher & Anderson*, of Concord (*G. Wells Anderson* on the brief and orally), for the plaintiff.

*Valerie C. Raudonis*, of Nashua, by brief and orally, for the defendant.

BATCHELDER, J. The plaintiff, Peter O. Hutchinson, appeals the recommendation of the Master (*Peter J. Bourque*, Esq.), approved by the Superior Court (*Pappagianis*, J.), that his monthly child support obligation be increased. The plaintiff argues that the defendant, Carol L. Hutchinson, failed to prove a substantial change in circumstances which would cause a continuation of the original order to be unfair. Further, he maintains that the trial court erred in failing to deduct the amount of court-ordered alimony when determining the funds available to him for making child support payments. For the reasons that follow, we reverse.

The parties were married on December 13, 1969, and are the parents of three minor children. Following a contested hearing on the merits, they were divorced on October 6, 1986. Pursuant to the divorce decree, the plaintiff was obligated to pay $500 per month alimony; child support of $999 per month ($333 per child per month);

one-quarter of any bonuses received by him through his employment; and two-thirds of the children's uninsured medical expenses.

On September 7, 1988, the defendant filed a petition to bring forward and modify the decree. The petition alleged that there had been "a substantial change in circumstances of the parties' finances." The defendant requested that the trial court "[m]odify the parties [sic] divorce decree to include an increase in the amount of child support."

A contested hearing was held on September 21, 1989, and the trial court thereafter ordered the plaintiff to pay $2095 per month for support of the children. In addition, the plaintiff was ordered to pay *all* of the medical and dental expenses of the children.

The plaintiff raises two issues on appeal. First, he argues that the superior court erred in modifying the support order, because there was no showing by the defendant of a substantial change in circumstances which would make the original order improper or unfair. Second, he maintains that the trial court was required to deduct the amount of court-ordered alimony payments from gross income when applying the child support guidelines under RSA chapter 458-C (Supp. 1989).

 The trial court has broad discretion in awarding and modifying child support orders, *Morrill v. Millard (Morrill)*, 132 N.H. 685, 688, 570 A.2d 387, 389 (1990), because it is in the best position to determine the parties' respective needs and abilities. Its child support award will be upheld on appeal unless there is a clear abuse of discretion. *Id.* To obtain a modification of support obligations, the moving party must show a substantial change in circumstances of the parties that makes continuing the original order "improper and unfair." *Richelson v. Richelson*, 130 N.H. 137, 146, 536 A.2d 176, 182 (1987) (quoting *Fortuna v. Fortuna*, 103 N.H. 547, 548, 176 A.2d 708, 709 (1961)). In determining whether a substantial change in circumstances exists, the trial court will look at the needs of the parties and their respective abilities to meet those needs. *Morrill v. Millard (Morrill) supra.*

The defendant argues that the required change in circumstances is evidenced by the following facts: the plaintiff's increased income; her decreased income; her inability to work; and the increase in necessary expenses for herself and the parties' children. However, we find that the evidence is not sufficient to support the defendant's assertion of changed circumstances.

First, the incomes of the parties have not changed substantially since their divorce. At the time of the parties' divorce, the plaintiff's

gross annual income was $90,431.51, and the defendant, although unemployed, had annual investment income of $2,703.88. At the time of trial in 1989, the plaintiff's annual salary was $96,000, which included a $6000 car allowance, because his employer no longer provided him with a company car. Thus, his income was approximately the same as it had been at the time of the divorce decree. The defendant remained unemployed, although she possessed a degree in sociology and although her psychiatrist had advised her to return to work on a part-time basis. Her interest income had decreased, mainly because she had liquidated the greater percentage of her investment assets to repay a $30,000 loan to her father. Based on these facts, the trial court made no finding that there was a substantial change in the earning power of either party, and we find none.

Similarly, the loss of bonus income was not a substantial change in circumstances. In the original decree, the plaintiff was ordered to pay to the defendant one-fourth of any bonuses he received. Although the plaintiff received a bonus in 1987 in the amount of $9,383.56 after taxes and paid one-quarter of that amount to the defendant, he has not received any bonuses since then, because he subsequently became employed by a different employer, a company from which he does not anticipate receiving bonuses. Consequently, he made no further bonus payments to the defendant. At oral argument, the defendant conceded that the loss of the bonus income was not sufficient to prove a substantial change in circumstances, and we agree.

Finally, the defendant's increase in necessary expenses for the parties' three children is insufficient to show a substantial change in circumstances. The defendant argues that her expenses for property taxes, utilities, medical expenses, health insurance, and their oldest child's automobile insurance are greater now than they were at the time of the divorce decree. However, increased expenses alone do not make continuance of the original child support order improper and unfair. "Absent other factors, the expected growth of a child and normal increases in the cost of living are not special circumstances which justify the modification of a child support order." *Morrill v. Millard (Morrill)*, 132 N.H. at 689, 570 A.2d at 389. Accordingly, we hold that the trial court abused its discretion when it ordered a modification to the child support obligation.

We also reject the defendant's assertion that our recent decision in *Morrill* should not be applied to this case, because the *Morrill* decision was issued five months after the hearing in this

action. Appellate decisions in civil cases generally will be applied retroactively. *Stanley v. Walsh*, 128 N.H. 692, 693, 517 A.2d 1189, 1190 (1986). Where reasons of equity require purely prospective application, this court will do so. *Id.* at 693–94, 517 A.2d at 1190. However, we find no such reasons for prospective application in this case.

Because we hold that the trial court erred in modifying the child support decree, we need not address the plaintiff's second argument regarding the exclusion of alimony payments in determining the amount of money available to the plaintiff for making child support payments. Moreover, the issue was rendered moot by the defendant's concession at oral argument that the trial court had erred in including the alimony payments in its calculation of the plaintiff's available resources.

*Reversed.*

All concurred.