Rockingham
No. 93-715

JEAN HURLEY SNYDER

v.

CHRISTOPHER B. CLIFTON

June 1, 1995

*Wiggin & Nourie, P.A.,* of Manchester (*Stephanie A. Bray* on the brief and orally), for the plaintiff.

*McGuirk Professional Association* and *Jill A. DeMello,* of Newmarket (*J. Christopher McGuirk* and *Ms. DeMello* on the brief, and *Mr. McGuirk* orally), for the defendant.

JOHNSON, J. The plaintiff, Jean Hurley Snyder, appeals the Superior Court's (*Gray,* J.) Approval of the recommendations of the Marital Master (*Pamela D. Kelly,* Esq.) Granting the defendant's, Christopher B. Clifton, petition for modification of a previous decree. We affirm in part, reverse in part, vacate in part, and remand.

The plaintiff and the defendant were divorced in 1979. A November 30, 1990, decree awarded physical custody of the parties' son, Christopher, to the defendant, and physical custody of their daughter, Sarah, to the plaintiff. The decree required neither party to pay child support. On October 26, 1992, Sarah left the plaintiff's home, Sarah was seventeen years old and a senior in high school. During the months following, the plaintiff refused to provide Sarah with any financial assistance except for health and dental insurance benefits.

In April 1993, the month of Sarah's eighteenth birthday, the defendant petitioned the superior court to order the plaintiff to support Sarah financially until her high school graduation. He also asked for a modification of the November 1990 decree so that the plaintiff would be required to contribute toward the support of Christopher after Sarah graduated. The superior court granted the defendant's petition and also awarded the defendant $500 in attorney's fees. Sarah graduated from high school in January 1994.

On appeal, the plaintiff first argues that Sarah was an emancipated adult and, therefore, not entitled to child support. We hold that the superior court was empowered, in the exercise of its broad discretion, *see Hillebrand v. Hillebrand,* 130 N.H. 520, 522–23, 546 A.2d 1047, 1048 (1988), to order support for Sarah until her high school graduation if the evidence revealed that she was actively pursuing her diploma and was not emancipated. *Cf.* RSA 458:35-c (1992); *Cox v. Pinkham,* 80 N.H. 134, 114 A. 18, 19 (1921).

We find sufficient facts in the record to sustain a determination that Sarah was not yet emancipated. She began taking high school equivalency classes in January 1993, soon after leaving home, and at the time of the September 1993 hearing she had signed up for more.

She worked only part-time, and she sought financial help from the plaintiff. In these circumstances, the plaintiff's refusal to provide Sarah with basic necessities also supports the court's decision to order the plaintiff to pay Sarah directly. *See McCrady v. Mahon,* 119 N.H. 247, 248, 400 A.2d 1173, 1174 (1979).

■ The plaintiff next argues that the superior court abused its discretion in ordering her to contribute to the support of Christopher upon the termination of her financial obligation to Sarah. To obtain this modification of the parties' original support obligations under the November 1990 decree, the defendant had the burden of proving a substantial change in circumstances such that the continuance of the decree would have been improper and unfair. *Morrill v. Millard (Morrill),* 132 N.H. 685, 688, 570 A.2d 387, 389 (1990). We reverse this part of the superior court's order.

■ The defendant contends that Sarah's departure from the plaintiff's home and the plaintiff's subsequent refusal to support her constituted the requisite substantial change in circumstances. We disagree. The November 1990 decree envisioned each parent caring for and supporting one child at home. Sarah's departure from the plaintiff's home may well have caused the decree to become unfair with regard to Sarah's care, such that an order directing the plaintiff to pay support to Sarah was appropriate when the plaintiff did not do so on her own. These events, however, provide no justification for the court's order requiring the plaintiff to contribute to Christopher's support following Sarah's high school graduation. It was fully foreseeable at the time of the decree that Sarah would become emancipated before her younger brother. *Cf. id.* At 689, 570 A.2d at 389. Thus, the decree must be interpreted as requiring the plaintiff to support Sarah until her emancipation and the defendant to support Christopher until his. *See* RSA 458:35-c. The unfortunate circumstances involving Sarah had no bearing on the parties' obligations to Christopher after Sarah's emancipation and created no need to change them. To the contrary, changing them materially interfered with the design of the November 1990 decree.

The dissent contends that the trial court's order should be affirmed because the November 1990 decree was based on each party caring for one minor child and did not extend beyond the facts as they then existed. We disagree with this analysis. The facts as they then existed included the children's age difference, fourteen months. It could not have escaped the trial court's notice that Sarah was older than Christopher. In *Morrill,* this court found it "fully foreseeable that the satisfaction of basic needs would become more expensive as the child matured and that the cost of living would increase." *Morrill,* 132 N.H. at 689, 570 A.2d at 389. Accordingly, this court held that, "[a]bsent

other factors, the expected growth of a child and normal increases in the cost of living are not special circumstances which justify the modification of a child support order." *Id.* Sarah's emancipation before her brother's was just as expected, normal, and fully foreseeable as the increase in child care costs experienced by the custodial parent in *Morrill.* The only unanticipated aspect of Sarah's emancipation was its temporary delay. We conclude that the trial court erred in ordering the plaintiff to contribute to Christopher's support following Sarah's high school graduation.

Finally, the plaintiff contests the superior court's assessment of $500 in attorney's fees and costs in favor of the defendant. "We will not overturn the trial judge's decision to award attorney's fees in a divorce proceeding absent a showing that the court abused its discretion." *Indorf v. Indorf,* 132 N.H. 45, 47, 561 A.2d 241, 242 (1989). The court's specific award of $500, however, was not based on any evidence of the services performed, the time involved, or the fee arrangement. In accordance with our holding in *Gosselin v. Gosselin,* 136 N.H. 350, 353–54, 616 A.2d 1287, 1289 (1992), we vacate the award and remand for a new hearing on this issue.

In view of Sarah's high school graduation and our ruling as to Christopher's support, the wage assignment issue is moot. Issues not addressed in this opinion have been examined, analyzed, and found meritless. *See Vogel v. Vogel,* 137 N.H. 321, 322, 627 A.2d 595, 596 (1993).

*Affirmed in part; reversed in part;*
*vacated in part; remanded.*

THAYER, J., concurred in part had dissented in part; the others concurred.

THAYER, J., concurring in part and dissenting in part: Although I concur with the majority's holdings concerning support for Sarah and the assessment of attorney's fees, I respectfully dissent from the majority's holding that the termination of the plaintiff's support obligation was not a change in circumstances.

The trial court found that the termination of the plaintiff's support obligations justified modification of the support decree. The trial court "is in the best position to determine the parties' respective needs and abilities." *Hutchinson v. Hutchinson,* 133 N.H. 772, 774, 583 A.2d 734, 735 (1990). Therefore, "a modification of a support order will be set aside only if it clearly appears on the evidence that there has been an abuse of judicial discretion." *Butterick v. Butterick,* 127 N.H. 731, 736, 506 A.2d 335, 338–39 (1986) (brackets and quotations omitted).

The majority holds that Sarah's emancipation was foreseeable and therefore must have been considered by the court that issued the

November 1990 decree. From that holding I must respectfully dissent. While at the time of the 1990 decree Sarah's emancipation may have been foreseeable, it does not automatically follow that this foreseeable event cannot thereafter be considered as a change in circumstances for support modification purposes. That an event is foreseeable should not prevent future review of a divorce decree support provision based on the event's occurrence when that event was not considered by either of the parties or the issuing court at the time of the decree. *Cf. Giles v. Giles,* 136 N.H. 540, 545, 618 A.2d 286, 289 (1992).

This case is distinguishable from *Morrill v. Millard (Morrill),* 132 N.H. 685, 570 A.2d 387 (1990). There, we considered a request to modify an existing support order to include tuition for private school. We ruled that this was not a change in circumstances because the original decree had addressed figure foreseeable educational events through college. Here, the 1990 decree addressed support based only on the facts then before the court. It did not discuss or provide for the foreseeable future event of a child's emancipation, nor did the court that issued the modification order find that the question of emancipation was considered by the court that issued the 1990 decree.

"To obtain an order modifying a support obligation, a party must show that a substantial change in circumstances has arisen since the initial award, making the current support amount either improper or unfair." *Giles,* 136 N.H. at 546, 618 A.2d at 290 (quotation omitted). We held in *Morrill* that future circumstances provided for or considered by the trial court would not, without more, be sufficient to support a petition for modification. *Morrill,* 132 N.H. at 689, 570 A.2d at 389. The majority would expand our present law so that foreseeable events that this court believes must have been considered in the original decree could not be considered in subsequent modification actions regardless of whether there is any evidence that the issuing court actually considered these events.

This expansion of the law is unwise. It forces trial courts and marital masters making initial support orders to determine all foreseeable events that may flow from the order and then to make explicit findings as to which foreseeable events may be considered in future modification actions. Failure to do so will subject future modification orders to this court's *de novo* review and determination of whether it believes that the foreseeable event was considered. Absent a finding by the trial court that the termination of the plaintiff's support obligation was foreseen and either was provided for or considered in the 1990 support order, I would uphold the trial court's determination that the event could be considered as a change in circumstances which, in this case, justified a modification of the support decree.