Strafford
No. 2004-887

IN THE MATTER OF CAROLYN ARVENITIS AND CHARLES ARVENITIS

Argued: June 22, 2005
Opinion Issued: October 18, 2005

*Shaines & McEachern, P.A.*, of Portsmouth (*Robert A. Shaines* and *Briana Coakley-Hoyt* on the brief, and *Mr. Shaines* orally), for the plaintiff.

*Patti Blanchette, P.A.*, of Portsmouth (*Patti Blanchette* on the brief and orally), for the defendant.

NADEAU, J. The defendant, Charles Arvenitis, appeals a decision of the Superior Court (*Fitzgerald*, J.) denying his petition to terminate alimony to the plaintiff, Carolyn Arvenitis. We vacate and remand.

The following facts appear on the record before us. The parties were divorced pursuant to a stipulated decree dated March 10, 1992. At that time, the plaintiff and defendant were fifty-one and fifty years old respectively. The final stipulation provided that "[t]he defendant shall pay to the plaintiff as alimony the sum of Five Hundred dollars ($500.00) per week payable weekly, for her support."

In April 2004, the defendant petitioned to modify the parties' divorce decree to, among other things, terminate his obligation to pay alimony. The defendant alleged that he would be turning sixty-three years old that August and was planning to retire.

The trial court denied the defendant's petition, finding that he failed to prove "that a substantial change in circumstances ha[d] arisen since the initial award, making the current support amount either improper or unfair." *Giles v. Giles*, 136 N.H. 540, 546 (1992) (quotation omitted). Specifically, the court found that the defendant could not "claim that he was not aware[, at the time the stipulation was executed,] of the fact that he would retire."

In addition, the court's order states:

The final stipulation contained the following original language:

The Defendant shall pay to the Plaintiff (as alimony) $575.00 per week payable weekly for her support, such order to be effective for a period of 3 years without prejudice to its renewal or modification at that time upon petition of the plaintiff.

During negotiation of the final language, the parties reduced the alimony to $500.00 per week and crossed out all words after support and placed a period there. The court construes this to mean that petitioner gave up an increased amount of alimony as well as her ability to seek an increase in return for alimony for life.

We review an order on a motion to modify a support obligation for an unsustainable exercise of discretion. *See Laflamme v. Laflamme*, 144 N.H.

524, 527 (1999); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). The defendant argues that the trial court erred because it misread the crossed-out language—the modifications to the stipulation referred to by the trial court did not *reduce* the amount of alimony from $575 to $500 per week, but rather *increased* it from $375 to $500 per week. He then contends that the trial court's "finding that [the plaintiff] gave up an increased amount of alimony, as well as her ability to seek an increase in alimony in return for alimony for life is simply wrong."

According to the record before us, the defendant is correct—the copy of the stipulation provided to us plainly shows that the original language provided for weekly payments of $375, not $575 as found by the trial court. The plaintiff contends, however, that any error was harmless because the trial court correctly ruled that the defendant's voluntary retirement would not be a substantial change in circumstances that would justify terminating his alimony obligation.

■ RSA 458:14 (2004) provides that "[e]xcept as otherwise provided in RSA 458:19, I and VII, the court, upon proper application and notice to the adverse party, may revise and modify any order made by it, may make such new orders as may be necessary, and may award costs as justice may require." This provision grants the trial court the "power to modify orders concerning alimony upon a proper showing of changed circumstances." *Norberg v. Norberg*, 135 N.H. 620, 624 (1992). When making the determination whether an order should be modified, "the trial court must take into account *all* of the circumstances of the parties, including the terms of the stipulation." *Id.* at 625.

■ In *Laflamme*, we clarified that the divorce decree and incorporated stipulations "must be interpreted in light of the facts and circumstances known to the parties and the court at the time the court issued the decree, along with future facts or circumstances known or reasonably anticipated to occur in the future." *Laflamme*, 144 N.H. at 527. We further stated that "[c]hanges to a party's condition that are both anticipated and foreseeable at the time of the decree cannot rise to the level of a substantial change in circumstances sufficient to warrant modification of an alimony award." *Id.* at 528-29.

The defendant asks us, in part, to "address the question of whether voluntary retirement may ever be a factor to be considered in a request for termination of alimony." The trial court appears to have interpreted *Laflamme* to mean that voluntary retirement can never constitute a substantial change in circumstances justifying a termination of alimony because it can always be "reasonably anticipated to occur in the future."

*Laflamme*, 144 N.H. at 527. *Laflamme* should not be construed so broadly. There, we reversed the modification of alimony where the trial court had found, and the obligor spouse did not dispute on the record before us, "that he knew at the time of the divorce that he would be retiring in a few years," yet nevertheless "agreed to pay the plaintiff alimony in exchange for his receipt of substantially more than half of the marital assets." *Id.* at 528. We noted that the post-divorce changes the obligor spouse experienced "were foreseeable and *actually anticipated.*" *Id.* (emphasis added).

The trial court's order appears to be based on a premise that foreseeability alone takes voluntary retirement out of the realm of changed circumstances. The stipulation in this case, executed twelve years prior to the petition to terminate alimony, was silent on the issue of retirement. The defendant represents that his retirement "was not anticipated at the time of the divorce," and the trial court made no specific factual finding to the contrary. In fact, the defendant represents, and the plaintiff does not dispute, that the trial court refused to hear evidence regarding the parties' circumstances.

Moreover, the trial court applied the concept of foreseeability more broadly than we have under similar circumstances. In *Gnirk v. Gnirk*, 134 N.H. 199, 205 (1991), we held that where the parties divorced four years prior to the time their oldest child would make the decision to attend college, college expenses were not reasonably foreseeable at the time of divorce. We refused to extend *Morrill v. Millard (Morrill)*, 132 N.H. 685, 689 (1990), which held that increased expenses that were "fully foreseeable" to the parties at the time they negotiated their divorce stipulation did not constitute a substantial change in circumstances justifying a modification of child support. Specifically, we stated that the argument "that the potential for incurring college expenses for the parties' children was 'fully foreseeable'" at the time of the divorce "inappropriately extends *Morrill* to cover events which are merely possibilities at the time a stipulation is negotiated." *Gnirk*, 134 N.H. at 205.

 Finally, we note that our overarching concern in *Laflamme* was that the master and the trial court had "overlooked the equities of the case." *Laflamme*, 144 N.H. at 528. We believe that the interpretation the trial court appears to have placed on *Laflamme* could potentially overlook the equities of this and other cases. We therefore reiterate that under *Laflamme*, a change in circumstances that is "*both* anticipated and foreseeable at the time of the decree" does not constitute a substantial change in circumstances warranting a change in alimony. *Id.* at 528-29. A determination that a change in circumstances was "actually anticipated,"

*id.* at 528, is a factual finding that must be based on evidence. If there is any genuine dispute as to the material facts, an evidentiary hearing will normally be required. Because the trial court failed to hear evidence and make a factual finding as to whether the defendant's retirement was actually anticipated at the time of the divorce, we vacate and remand for an evidentiary hearing.

■ Should the trial court, on remand, find that the defendant's retirement was not both actually anticipated and foreseeable, it will have to determine whether retirement, alone or in conjunction with other changes alleged by the defendant, constitutes a substantial change in circumstances justifying a termination of alimony. We agree with the Supreme Court of Florida that:

> Although it would be a better practice to incorporate consideration of retirement and what will happen in the event of retirement in an agreement or final judgment, ... silence in that regard should not preclude consideration of a reasonable retirement as part of the total circumstances in determining if sufficient changed circumstances exist to warrant a modification of alimony.
>
> In determining whether a voluntary retirement is reasonable, the court must consider the payor's age, health, and motivation for retirement, as well as the type of work the payor performs and the age at which others engaged in that line of work normally retire.... Based upon th[e] widespread acceptance of sixty-five as the normal retirement age, ... one would have a significant burden to show that a voluntary retirement before the age of sixty-five is reasonable. Even at the age of sixty-five or later, a payor spouse should not be permitted to unilaterally choose voluntary retirement if this choice places the receiving spouse in peril of poverty.

*Pimm v. Pimm*, 601 So. 2d 534, 537 (Fla. 1992) (superseded by statute on other grounds).

Having reached the above result, we need not address any of the defendant's remaining arguments.

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.