# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0378, <u>In the Matter of Kimberly Bleakley and Scott Bleakley</u>, the court on April 3, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Kimberly Bleakley (wife), appeals the post-decree order of the Circuit Court (<u>Burns</u>, J.), modifying the obligations of the respondent, Scott Bleakley (husband), to pay alimony and child support. The wife argues that the trial court erred in: (1) eliminating the husband's obligation to contribute to a joint expense account for the children; (2) terminating the husband's alimony obligation; and (3) permitting the husband to modify his financial affidavit after the hearing.

The wife first argues that the trial court erred in modifying its final order, on reconsideration, to no longer require the husband to contribute to a joint expense account for the children. The parties' September 13, 2016 stipulated divorce decree includes a downward deviation from guideline child support and a provision that each party would contribute $400 per month to a joint account for the children's extracurricular activities and other expenses. On April 28, 2017, the wife moved to modify child support based upon a substantial change in circumstances; specifically, the parties no longer shared parenting time for one of their children. At a child support hearing, the wife requested guideline child support. The hearing officer advised the wife that if guideline support were ordered the husband no longer would be required to contribute to the joint account. <u>See</u> <u>In the Matter of Donovan & Donovan</u>, 152 N.H. 55, 60 (2005) (extracurricular activity expenses included in guideline support). Following the hearing, the officer ordered temporary guideline support of $1,660 per month and eliminated the husband's obligation to contribute to the joint account. The mother did not move to reconsider this ruling, although she moved to reconsider other aspects of the July 3, 2018 temporary order. In its March 17, 2019 final order, the court ordered guideline support of $1,660 per month and, in addition, ordered the parties to contribute to the joint account. The husband moved to reconsider, and the court corrected its error, stating that it did not intend to deviate from the guidelines.

On appeal, the wife argues that the trial court erred in eliminating the husband's obligation to contribute to the joint account, given "the disparity of

income, the elimination of the alimony obligation, the parties['] prior agreement, and the . . . court's failure to provide specific findings to support" its decision. The husband argues that the wife failed to preserve these issues because she did not raise them in the trial court. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004) ("It is a long-standing rule that parties may not have judicial review of matters not raised in the [trial court]."). Assuming, without deciding, that the issues are preserved for review, we find no error. New Hampshire's child support guidelines establish a uniform system to determine the amount of child support awards. In the Matter of Silva & Silva, 171 N.H. 1, 4 (2018). The guidelines serve "not only to ensure uniformity in determining the amount of child support, but also to ensure that both the custodial and non-custodial parents share in the support responsibility for their children, according to the relative percentage of each parent's income." Id. There is a rebuttable presumption that a child support award calculated under the guidelines is the correct amount of child support. Id. If the trial court deviates from the guidelines, it must make a written finding to justify its decision. See RSA 458-C:4, II (2018). In this case, the trial court did not deviate from the guidelines and made no finding to rebut the presumption in favor of guideline support. As noted above, extracurricular activity expenses are included in guideline support. In the Matter of Donovan, 152 N.H. at 60. Eliminating the husband's alimony obligation is not a relevant consideration because alimony and child support serve different functions and are terminated for different reasons. In the Matter of Watterworth & Watterworth, 149 N.H. 442, 446 (2003).

The wife next argues that the trial court erred in terminating the husband's alimony obligation, "given that the alimony order had been previously agreed upon, given the significant disparity in income, and given the court denied shared expenses for the children." At the outset, we note that the parties' divorce decree is not controlling because alimony is always modifiable. Laflamme v. Laflamme, 144 N.H. 524, 527 (1999). We also note that a disparity in income, as such, is not a basis for awarding alimony. See RSA 458:19, I (2018) (amended 2018) (alimony awarded based upon need and ability to pay). The shared expense provision is not a relevant consideration because, as previously noted, alimony and child support serve different purposes. See In the Matter of Watterworth, 149 N.H. at 446.

To obtain an order modifying alimony, the husband was required to show that a substantial change in circumstances occurred after the initial award, "making the current support amount either improper or unfair." Laflamme, 144 N.H. at 527 (quotation omitted). The trial court found that the "increase in child support from $360 per month to $1,660 per month, is a substantial change in circumstances which makes the original alimony award unfair and improper." The trial court also found that these changed circumstances were not both anticipated and foreseeable. Moreover, the court found that, even assuming that the wife continued to demonstrate financial need, the husband

no longer could afford to pay alimony, given the substantial increase in child support.  See RSA 459:19, I(b) (obligor must have ability to pay).

The wife argues that the increase in child support is not a substantial change in circumstances warranting a change in alimony because, when the parties entered into their stipulated divorce decree, the child support worksheet showed that guideline support would be approximately $1,500.  Thus, she argues, it was foreseeable that the court may order $1,660 in child support.  The husband counters that the wife failed to preserve this issue for review because she did not raise it in the trial court.  See Bean, 151 N.H. at 250.  Assuming, without deciding, that the wife preserved this issue for review, we find no error.  "[A] change in circumstances that is both anticipated and foreseeable at the time of the decree does not constitute a substantial change in circumstances warranting a change in alimony."  In the Matter of Arvenitis & Arvenitis, 152 N.H. 653, 656 (2005) (quotation omitted).  "A determination that a change in circumstances was actually anticipated is a factual finding that must be based on evidence."  Id. at 656-57 (quotation and citation omitted).  We conclude that the record supports the trial court's finding that the changed circumstances were not both anticipated and foreseeable at the time of the decree.

In her reply brief, the wife argues that "Canaway and Fortuna are controlling" as to the alimony issue because, she asserts, the husband's increased expenses are "primarily due to his relationship with a new partner."  As previously noted, we do not address issues that were not raised in the trial court.  Bean, 151 N.H. at 250.  Nor do we address issues raised for the first time on appeal in a reply brief.  Harrington v. Metropolis Property Management Group, 162 N.H. 476, 481 (2011).  We note, however, that in Canaway, the trial court found that the husband had the ability to pay alimony "but chose to spend his available funds in other areas such as supporting his fiancée and helping to clear her debt and run her businesses."  In the Matter of Canaway & Canaway, 161 N.H. 286, 288 (2010).  The trial court made similar findings in Fortuna v. Fortuna, 103 N.H. 547 (1961).  The trial court made no such findings in this case.

Finally, the wife argues that the trial court erred in permitting the husband to modify his financial affidavit "after the hearing," without identifying which hearing.  We conclude that the wife has failed to demonstrate error.  See Coyle v. Battles, 147 N.H. 98, 100 (2001) (appellant has burden to demonstrate error and provide adequate record for review).  In the questions presented section of her brief, the wife states that she raised this issue in her "cross-motion for reconsideration" of the final order.  In that motion, the wife argued that the hearing officer permitted the husband to modify his financial affidavit after the June 27, 2018 hearing, depriving her and her counsel of any ability to cross-examine him.  However, the transcript of that hearing shows that, in response to the husband's request to consult with his accountant, after the

hearing, about expenses claimed in his financial affidavit, the hearing officer ruled, "I'm not taking any . . . additional information at this time." Nothing in the record shows that the hearing officer accepted a revised financial affidavit from the husband after that hearing. <u>See</u> <u>id</u>. Although the wife argues that the trial court admitted "the affidavit" at the final hearing held on October 29, 2018 and December 5, 2018, the record shows that the husband submitted updated affidavits for each hearing, <u>see</u> <u>Fam. Div. R.</u> 2.16, and the wife does not specify which affidavit she is referring to, how the court allegedly erred, or when she raised the issue in the trial court, <u>see</u> <u>Bean</u>, 151 N.H. at 250. Moreover, the record shows that the wife thoroughly cross-examined the husband at the final hearing on his current and prior financial affidavits. Accordingly, we find no error.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**