# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0028, <u>In the Matter of Stacey Spewock and Scott Spewock</u>, the court on December 29, 2022, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See Sup. Ct. R.</u> 20(2).  The respondent, Scott Spewock (Husband), appeals an order recommended by a referee (<u>Cross</u>, R.) and approved by the Circuit Court (<u>Weaver</u>, J.), which, among other things, denied his motion to modify his obligation to pay alimony to the petitioner, Stacey Corris f/k/a Stacey Spewock (Wife), under the parties' 2015 stipulated divorce decree.  We affirm.

"We review an order on a motion to modify a support obligation for an unsustainable exercise of discretion."  <u>In the Matter of Arventis & Arventis</u>, 152 N.H. 653, 654 (2005).  To establish an unsustainable exercise of discretion, Husband must demonstrate that the trial court's decision was clearly untenable or unreasonable to the prejudice of his case.  <u>In the Matter of Peirano & Larsen</u>, 155 N.H. 738, 750 (2007).  We "determine only whether there is an objective basis sufficient to sustain the discretionary judgment made."  <u>In the Matter of Kempton & Kempton</u>, 167 N.H. 785, 803 (2015).  "Our standard of review is not whether we would rule differently than the trial court, but whether a reasonable person could have reached the same decision as the trial court based upon the same evidence."  <u>Id</u>. at 799.

We will not disturb the trial court's factual findings unless they are unsupported by the evidence or legally erroneous.  <u>In the Matter of Nyhan and Nyhan</u>, 147 N.H. 768, 770 (2002).  Moreover, "we defer to the trial court's judgment on such issues as resolving conflicts in the testimony, measuring the credibility of witnesses, and determining the weight to be given evidence."  <u>Cook v. Sullivan</u>, 149 N.H. 774, 780 (2003).  "If the court's findings can reasonably be made on the evidence presented, they will stand."  <u>In the Matter of Letendre & Letendre</u>, 149 N.H. 31, 36 (2002).

The trial court found, and the parties do not dispute, that "[b]ecause the alimony obligation was established in 2015, before New Hampshire's more recently enacted alimony statutes (RSA 458:19-a and 458:19-aa [(Supp. 2022)]), the prior legal standard for modification [of alimony orders] applies."  <u>See</u> RSA 458:19-aa, X(a)(1), (2).  "To obtain an order modifying a support obligation, a party must show that a substantial change in circumstances has arisen since the initial award, making the current support amount either

improper or unfair." Laflamme v. Laflamme, 144 N.H. 524, 527 (1999) (quotation omitted). "Changes to a party's condition that are both anticipated and foreseeable at the time of the decree cannot rise to the level of a substantial change in circumstances sufficient to warrant modification of an alimony award." Id. at 528-29.

The trial court determined that Husband failed to satisfy this burden of proof. The court found that Husband's initial decrease in income after selling his business in March 2020 "was entirely foreseeable and should have been anticipated by him." The court further found that, even if the change in Husband's income had been unforeseeable, it did not render the alimony order unfair because, now, Husband earns more and Wife earns less than when the parties divorced in 2015.

On appeal, Husband argues that he satisfied his burden of proof with evidence that he earns less and Wife earns more than the parties earned in 2015, that Wife's increase in income was unforeseeable and unanticipated, and that the decrease in his income and increase in Wife's income constitute substantial changes in circumstances sufficient to warrant modification of the alimony award. Husband's arguments, however, are premised upon income figures that the trial court was not compelled to accept or credit.

When the parties divorced in 2015, they submitted financial affidavits showing that each party had monthly income of $6,313, which, Husband asserts, represented one-half of the total monthly income generated by the parties' business awarded to Husband in the final divorce decree. Despite this, Husband contends that, when the alimony award was first ordered in 2015, "the entire monthly income" from the business "should have been attributed" to him and that none of the income from the business should have been attributed to Wife. If this had occurred, Husband claims that his monthly gross income at the time of the divorce was $12,626, and Wife's monthly gross income was $0. Because Husband now earns $7,504 monthly and Wife earns $3,083 monthly, Husband asserts that he earns less and Wife earns more than in 2015. Given the financial affidavits submitted when the parties divorced in 2015, we cannot conclude that the trial court either unsustainably exercised its discretion or erred as a matter of law by rejecting Husband's income figures.

Husband next contends that the trial court either unsustainably exercised its discretion or erred as a matter of law because it did not consider how much alimony he would be required to pay under the amended version of the alimony statute. Although he acknowledges that the amended version of the statute does not apply to this case, he contends that it "would have

2

provided guidance" and would have alerted the trial court to the unfairness of its decision. This argument warrants no further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**