# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0128, <u>Deborah Dascenzo-Paul v. Brian Paul</u>, the court on September 4, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order.  See <u>Sup. Ct. R.</u> 20(2).  We affirm.

The petitioner, Deborah Dascenzo-Paul (Wife), appeals an order of the Circuit Court (<u>Swegart</u>, J.) that dismissed her petition to change court order, in which she had requested post-divorce alimony from the respondent, Brian Paul (Husband).  Wife argues that her petition sought to establish, rather than to modify, alimony, but that even if the petition sought to modify alimony, the trial court erred in dismissing it because a substantial change in circumstances that was unforeseeable at the time of the divorce required a change in the alimony award.

I.

For background purposes, we recite the following facts, which are supported by the record.  The parties married in 2002, and moved to New Hampshire when Husband was accepted at Dartmouth Medical School.  When the parties' son was born in 2003, Wife stopped working full time while Husband pursued his medical degree.

In 2014, when Wife filed for divorce for irreconcilable differences, Husband was a psychiatry resident.  Prior to the final hearing, the parties reached agreement on a parenting plan and a number of other disputed matters, but did not reach agreement on other issues, including Wife's request for alimony.  The final hearing was held over two days, on August 2, 2016 and January 6, 2017.

At the end of the first day of the final hearing, Wife called the superintendent of the Newport School District to testify.  The superintendent testified that Husband had provided to the school district documents that appeared to be court orders identifying Husband's town as the parties' son's legal residence for school purposes, but which included the forged signature of

the presiding judge. The trial judge informed the parties that he would refer the matter to the county attorney.

Husband's counsel in the criminal matter was present on the second day of the final hearing, and he informed the trial court that Husband was negotiating with the county attorney's office regarding the charges to be brought and the proposed disposition. The parties proceeded by offers of proof at the second day of the hearing regarding the outstanding issues. Counsel for Wife argued that she had a substantial need for alimony given Wife's age, which was 58 at the time of the hearing, and her limited work history during the marriage. Counsel for Wife also argued that Husband had a greater ability to earn an income, given his degree, his age, which was 44 at the time of the hearing, and his employability. Counsel for Husband argued that the standard for making the determination about alimony is the current ability to pay based on the standard of living enjoyed during the marriage. On March 30, 2017, the Trial Court (Yazinski, J.) issued a final divorce decree which, in relevant part, denied Wife's request for alimony.

In May 2017, Husband was charged with tampering with public records or information, see RSA 641:7 (2016), and unsworn falsification, see RSA 641:3 (Supp. 2023). He pleaded guilty to these charges, and, after completing his psychiatry residency in June 2017, Husband began serving a 60-day sentence. Within ten months of completing his sentence, Husband was hired as a full-time staff psychiatrist, and in May 2018 he notified the court and Wife of his change of employment. Thereafter, Husband was ordered to pay $700 per week in child support.

On March 31, 2022, Wife filed a petition to change court order, in which she requested that the court award her alimony "based upon a substantial change in circumstances." Following a hearing on Husband's motion to dismiss the petition, the trial court issued an order stating, in part, that "[a]s no alimony order was ever issued, it appears that this request is not truly a modification request but rather a request for establishment of alimony." In subsequent pleadings, Wife argued that her petition was an action to request alimony, rather than a request for modification of a prior order.

At the beginning of the November 14, 2022 hearing, the trial court stated that it would "to the extent that it's necessary, amend [its] order . . . reverse [its] decision to the extent that it was a finding that this was – is an establishment case . . . [the court is] treating this now as a modification." Following discussion with counsel, the court informed the parties that it would review the record and decide whether the evidence established that it was foreseeable at the time of the final hearing that Husband would earn the income he did starting in 2018.

2

Thereafter, the trial court issued an order which, in relevant part, dismissed Wife's petition to change court order to add a term of alimony.  The trial court acknowledged that although an investigation was ongoing at the time of the final hearing, Husband had not been convicted and was engaged in negotiations with the prosecutor to resolve the case.  The court also noted that the March 30, 2017 final order did not mention the criminal investigation "or any question about [Husband's] future earning capacity."  The court stated:

> Looking at the allegations in the [Wife's] request in the light most favorable to her, I cannot see any construction that would amount to "clear and convincing" evidence of an unforeseeable change of circumstances . . . .  [T]he circumstances as they stood for the Final Decree [were] that [Husband] was on track to becoming a doctor and that alimony was denied due not only to his low income at the time but also because of [Wife's] lack of interest and effort in supporting herself.  [Wife] still does not support herself now and appears to only be making this request because she is concerned about the impending end of child support.

Wife filed a motion to reconsider in which she argued that because the final order did not award alimony, there is no award of alimony to modify, and, therefore, her request was for the establishment of alimony pursuant to RSA 458:19-a, I.  The trial court denied the motion, and this appeal followed.

II.

In reviewing the trial court's grant of a motion to dismiss, our standard of review is whether the allegations in Wife's pleadings are reasonably susceptible of a construction that would permit recovery.  In the Matter of Lemieux & Lemieux, 157 N.H. 370, 372 (2008).  We assume Wife's pleadings to be true and construe all reasonable inferences in the light most favorable to her.  Id. at 372-73.  We then engage in a threshold inquiry that tests the facts in the petition against the applicable law, and if the allegations constitute a basis for legal relief, we must conclude that it was improper to grant the motion to dismiss.  Id. at 373.

Wife first argues that the trial court erred when it ruled that her petition was a request to modify an existing alimony order, rather than a petition for the establishment of alimony.  The distinction is significant because the establishment of alimony is governed by RSA 458:19-a, I (Supp. 2023), but modification is governed by RSA 458:19-aa, I(a) (Supp. 2023).[1]  A request for

---

[1] Although the divorce decree was issued in 2017, such that the version of the statute in effect at that time should arguably apply, see RSA 458:19-aa, X (Supp. 2023), the trial court order cites the versions of the statute effective after January 1, 2019.  Because neither party argues that a decision to apply the pre-2019 versions rather than the post-2019 versions would change the

the establishment of alimony requires a court to consider the financial circumstances of the party seeking alimony and the financial circumstances of the party from whom alimony is being sought.  See RSA 458:19-a, I.  A request to modify an existing alimony order, however, requires proof, by clear and convincing evidence, that there was a change in circumstances that, among other things, was unforeseeable as of the effective date of the alimony order the party seeks to modify.  See RSA 458:19-aa, I(a).

Whether the trial court's March 30, 2017 divorce decree awarded Wife zero alimony presents a question of law which we review de novo.  See Estate of Frederick v. Frederick, 141 N.H. 530, 531 (1996) ("The interpretation of the language of a divorce decree, like the interpretation of other written documents, is a question of law, reviewed by this court de novo."). When Wife filed her petition for divorce in 2014, she indicated that she sought alimony, but did not specify an amount.  The record reflects that at different stages of the divorce proceedings, the amount and duration of alimony Wife sought varied.  By the time of the final hearing, Wife sought alimony in the amount of $500.00 for 36 months.  Accordingly, at both the August 2, 2016 and January 6, 2017 hearings, Wife presented evidence and offers of proof regarding her need for alimony and Husband's ability to pay.  In its narrative order issued shortly thereafter, the trial court first set forth the applicable law:

> Pursuant to RSA 458:19, [Wife] had the burden to show the Court that she could not be self-supporting, and that she did not currently have the ability to maintain the lifestyle to which she has become accustomed without alimony from [Husband].  She also had to prove that [Husband] had sufficient income and would be able to continue to meet his obligations and maintain his lifestyle.

After reviewing the evidence, the court concluded that Wife "had not carried her burden under RSA 458:19 to show that she should be awarded alimony."  In support of this conclusion, the trial court found that Husband earned approximately $60,000 per year, that he "does not have sufficient income to support himself and to pay alimony," and that Wife "does not have any desire to be gainfully employed."  In finding that Wife did not have a desire to be gainfully employed, and that she had failed to carry her burden, the trial court implicitly found that were she to secure employment, she would be able to maintain the lifestyle to which she had become accustomed.  It therefore effectively awarded Wife zero alimony.

We are unpersuaded by Wife's assertion that, because the alimony box was left unchecked on the uniform support order, the orders should be read as not establishing alimony.  This assertion fails because all of the orders issued

---

outcome of the issues presented in this appeal and because the trial court applied the 2019 version of the statute, we apply the 2019 versions of the statute.

by the court on March 30, 2017 must be read as a whole.  Furthermore, we note that Wife captioned her March 31, 2022 petition a petition to change court order and requested that the court award her alimony "based upon a substantial change in circumstances."  Having concluded that Wife's March 31, 2022 petition was a petition to modify an alimony award, we now consider Wife's argument that the trial court erred in dismissing her petition because a substantial change in circumstances that was unforeseeable at the time of the divorce required a change in the alimony award.

A party seeking to modify a term alimony award must prove "by clear and convincing evidence" that:

(1) There has been a substantial and unforeseeable change of
    circumstances since the effective date of the alimony order;
(2) There is no undue hardship on either party; and
(3) Justice requires a change in amount or duration.

RSA 458:19-aa, I(a).  To determine whether there has been a substantial and unforeseeable change of circumstances since the effective date of the alimony order, the court must interpret the divorce decree and incorporated stipulations "in light of the facts and circumstances known to the parties and the court at the time the court issued the decree, along with future facts or circumstances known or reasonably anticipated to occur in the future."  In the Matter of Arvenitis & Arvenitis, 152 N.H. 653, 655 (2005) (quotation omitted).  "[C]hanges to a party's condition that are both anticipated and foreseeable at the time of the decree cannot rise to the level of a substantial change in circumstances sufficient to warrant modification of an alimony award."  Id. (quotation omitted).  We have considered the allegations in Wife's petition in the light most favorable to her, and agree with the trial court that there is "no construction that would amount to clear and convincing evidence of an unforeseeable change of circumstances."  See Lemieux, 157 N.H. at 372-73.

Wife indicated in her petition to change court order that she sought an award of alimony because: (1) Husband was now a practicing medical doctor and has sufficient income to support himself and pay alimony; (2) Wife has limited income; and (3) Wife would lose child support when the parties' son graduates from high school.  The record reflects, and Wife does not dispute, that the fact that she had limited income and that she would lose child support upon her son's graduation were both anticipated and foreseeable at the time of the parties' 2017 divorce.  However, Wife asserts that, in light of the criminal charges pending against Husband at the time of the divorce, it was unforeseeable that Husband would ever practice medicine or earn the substantial income he now earns.  This assertion is not supported by the record.

5

As the trial court found in its order granting the motion to dismiss the petition, at the time of the final hearing Husband was completing his residency and was earning $60,000 per year. The record reflects that on the first day of the final hearing Wife testified in support of her request for alimony that she understood that, as a licensed psychiatrist, Husband would likely earn a significant income. It is true that at the time of the second day of the hearing, a criminal investigation of Husband was ongoing, but Husband was represented by a lawyer in the criminal matter and was engaged in negotiations with the prosecutor to resolve the case. Husband explained that he had entered a residency where he would earn his master's degree in public health, but that "long-term" his plan was "to go into psychiatry."

The record also reflects that on the second day of the hearing, Wife's attorney argued, in part, that Wife should be awarded alimony "given the parties' disproportionate abilities to earn income at the present and in the future." Counsel for Husband countered that the trial court was obligated to consider only the Husband's <u>current</u> ability to pay. Accordingly, we are unpersuaded by Wife's argument that on the second day of the hearing Husband's "earning a doctor's high salary was no longer a foreseeable outcome." Rather, the record reflects that Wife actually argued, in part, that "given his degree," Husband had the ability to earn a greater income than Wife. The 2017 narrative order did not mention the criminal investigation, or make any reference to Husband's future earning capacity. Accordingly, we read the 2017 narrative order as did the trial court; that is, as denying Wife's request for alimony because of Husband's income at the time and because the Wife was underemployed.

To the extent she seeks to do so, Wife cannot now argue that the trial court erred in 2017 because it failed to consider Husband's future earning capacity when it declined to award alimony. <u>See</u> <u>In the Matter of Mason & Mason</u>, 164 N.H. 391, 398 (2012) (wife's challenging amount for which she was liable under the time of the final divorce decree for 50% of husband's tax liability barred by the doctrine of <u>res</u> <u>judicata</u>). For the foregoing reasons, we affirm the trial court's order finding that Wife's petition was to modify alimony and dismissing the petition.

<u>Affirmed</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but did not participate in the final vote.

**Timothy A. Gudas,**
**Clerk**

6