Hillsborough,
No. 4965.

STELLA MARY FORTUNA *v.* STANLEY T. FORTUNA.

Argued November 7, 1961.

Decided December 29, 1961.

548

*Chretien & Chretien* (*Mr. Charles E. Chretien* orally), for the plaintiff.

*Joseph J. Betley* for the defendant.

LAMPRON, J. Our statute (RSA 458:17, 27) confers upon the Trial Court the determination of the right to and the amount of support to be awarded. It provides no minimum or maximum standards. *Ballou* v. *Ballou,* 95 N. H. 105, 106. "The Court has a wide discretion in determining the amount that a father shall be required to contribute for the support of his family." *Guggenheimer* v. *Guggenheimer,* 99 N. H. 399, 403. These considerations apply to the original award as well as to any modification thereof which can be made at any time. *Benjamin* v. *Benjamin,* 99 N. H. 117, 119. However, to obtain a modification of the original decree such a change in the circumstances of the parties must be shown as will make a continuance of the original provisions improper and unfair. 2 Nelson, Divorce and Annulment (2d *ed.*) s. 17.08. An award as well as a modification will be set aside only if upon the evidence it clearly appears there has been an abuse of judicial discretion. *Kennard* v. *Kennard,* 81 N. H. 509, 511.

There was evidence that when the legal separation was granted, in 1957, plaintiff was not employed nor were the three minor children under her custody. They occupied the house owned by the

parties, the plaintiff paying all expenses. She then had a bank deposit of about $1,100 as her own separate estate.

At the hearing for modification, plaintiff, forty-two years of age, testified that she underwent a major operation in 1960. She is still going to a doctor "every so often because I get a feeling of depression and my nerves haven't been good." The oldest child, Ronald, seventeen and a high school senior, was earning about $22 per week and contributing about $5 per week to his mother besides buying his own clothes, and paying for his own lunches. The other two children, twin boys, then fourteen, were in the eighth grade and did not work.

Plaintiff testified further that she earned $1,536.25 in 1960. Her weekly expenses averaged $70.82 exclusive of insurance premiums on real estate, expenses for the upkeep of the house and major medical expenses. Her bank account has been reduced from $1,100 to $178 and she owes about $200.

Defendant, forty years of age and in good health, earned a gross of $6,300.67 and a net of $5,590.89 in 1960 or about $107.51 per week. There was no testimony that his earnings had decreased since the original decree. There was evidence however that since the legal separation of the parties he has fathered a child by another woman and is living with her and supporting her, their child and her child by a prior marriage. Defendant testified that he had obtained a so-called Mexican divorce from the plaintiff, after a trip to Mexico to make arrangements with some attorney, but there was no evidence that he was married to the woman with whom he is living. He further testified that as a result of this association his living expenses have been increased to about $74.08 per week and that is the reason for his failure to meet the original support order of $46 per week.

The needs of the parties as well as their respective abilities to meet them are important factors to be considered by the Court in the original award for support as well as in any proceeding for modification thereof. *Kennard* v. *Kennard*, 87 N. H. 320, 327; Annot. 18 A. L. R. 2d 10, 13. In order to warrant the latter an applicant must prove a substantial change in the financial condition or needs of the parties since the original award. *Payette* v. *Payette*, 85 N. H. 297; *Reynolds* v. *Reynolds*, 79 R. I. 163; *Crosby* v. *Crosby*, 182 Va. 461.

Defendant's association with another woman and the resulting obligations upon him are assumed at his own risk and do not

entitle him to much judicial consideration with respect to his obligations to his wife and children. *Eaton* v. *Eaton,* 90 N. H. 4, 7; 2 Nelson, Divorce and Annulment (2d *ed.*) *s.* 17.12; Annots. 30 A. L. R. 79, 64 A. L. R. 1269, 112 A. L. R. 246. Such a condition in and of itself has been held not to constitute such a change in circumstances as to warrant a modification. *Eaton* v. *Eaton, supra; Payette* v. *Payette, supra; Hensinger* v. *Hensinger,* 334 Mich. 344, 346; *Warren* v. *Warren,* 218 Md. 212.

The fact that the plaintiff is now supplementing the family income by working and is receiving some money from Ronald, their son, are factors to be considered by the Trial Court along with defendant's ability to pay whatever support order is made. As is the situation in many of these cases, the financial productivity of the parties is not sufficient to meet the needs of everyone. It seems logical and equitable however that in a situation such as exists here the needs of the plaintiff and of the three children of the legal marriage of the parties should not be sacrificed to the needs of the later alliance.

Plaintiff has "never been in good health" and has "been back and forth to the doctors for a long period of time." The record is not clear as to what her net earnings have been for 1960 and 1961. A fair estimate would be about $32 per week. Adding thereto $5 which she receives from her son weekly and $30 per week to which the order has been reduced and even the $5 per week arrearage which the defendant has been ordered to pay the total would be insufficient to meet the needs of the plaintiff and the children of the parties. Her bank account is almost depleted and she is in debt in an amount of about $200.00.

The defendant is in good health. His net earnings are $107.51 per week. There is no evidence that they have decreased since the original order was made in 1957. The changes in his expenses for the most part result from his association with another woman and the natural consequences thereof.

We are of the opinion that the defendant has failed to prove such a material change in circumstances since the original order as would justify the reduction made by the Trial Court. *Eaton* v. *Eaton, supra; Warren* v. *Warren, supra; Perkins* v. *Perkins,* 296 Ky. 193; *Curry* v. *Curry,* 102 Colo. 381.

*Exceptions sustained.*

KENISON, C. J. and WHEELER, J., dissented; the others concurred.

KENISON, C. J., *dissenting:* The difficult and delicate factual situation confronting the Trial Court in this case has resulted in an order for support that is within the bounds of reason and does not constitute an abuse of judicial discretion. *Kennard* v. *Kennard*, 81 N. H. 509. I cannot believe that an appellate court can divide dollars any more equitably or with greater wisdom than a trial judge who has an opportunity to see and hear the parties, or that the reversal of the order in this case will make trial judges' duties any easier or their future performance any better.

WHEELER, J., concurred in this dissent.