Rockingham
No. 82-088

# Elizabeth S. Noddin

v.

# Charles W. Noddin, Jr.

January 26, 1983

*Law Offices of Stanton E. Tefft*, of Bedford (*Daniel J. Harkinson* on the brief, and *Mr. Tefft* orally), for the plaintiff.

*Eaton, Solms, Mills & McIninch*, of Manchester (*Douglas A. McIninch* on the brief and orally), for the defendant.

BATCHELDER, J.   The issue in this case is whether it was error to grant a modification of a support and alimony decree where the defendant brought about his reduced financial condition by his own criminal conduct and where the defendant still had an asset which could be applied to meet his support and alimony obligations. We hold that it was not unfair and improper to continue the original support order, and accordingly, we reverse and remand.

Charles and Elizabeth Noddin were divorced in December 1979 by a decree of the Rockingham County Superior Court which incorporated the parties' stipulation as to support and alimony. The stipulation provided that the defendant, Charles, would pay the plaintiff, Elizabeth, $150 per week, fifty dollars to be allocated as alimony and $100 to be allocated as child support. Additionally, the jointly owned home was awarded to the plaintiff, with the provision that upon the sale of the house on or before January 1, 1986, the defendant would receive 25.1% of the proceeds.

In October 1981, the defendant filed a motion requesting that the support and alimony obligations set forth in the divorce decree be reduced because of a change in his financial condition. At the time of the divorce, he had been earning $23,000 per year, but because he had been arrested for stealing trade secrets from his employer, he was later fired from the position and was receiving considerably less income.

The plaintiff objected to the defendant's motion and moved to have the court permit her to attach the defendant's interest in the jointly owned home in the amount of the defendant's then existing arrearage in child support and alimony. She also petitioned the court for permission to attach the defendant's equity in the home when there

were future arrearages because of the defendant's failure to keep up with the $150-per-week support and alimony payments called for in the final divorce decree.

After a hearing, the Master (*Earl J. Dearborn*, Esq.) found that the defendant was unable to obtain employment similar to the position he had lost and was now employed as a surveyor's helper at five dollars per hour, resulting in a net income of $165.35 per week. He also found that the plaintiff was, at the time of the hearing, gainfully employed with a net weekly income of $133. The master concluded that the defendant's earning had been substantially reduced so that he was no longer able to meet his obligations set forth in the divorce decree. The master recommended that the child support payments be reduced to fifty dollars per week and the alimony payments be suspended.

In effect, the master denied the plaintiff's motion to provide that the support and alimony obligations be assessed against the defendant's interest in the house. He did, however, recommend that the defendant's arrearage of $2,671.31 in alimony and support payments should be held in abeyance until the time the jointly owned home was sold and that the outstanding arrearage should then be deducted from the defendant's share of the net proceeds of the sale of the house. The master's recommendations were approved by the Trial Court (*Nadeau*, J.). The plaintiff appeals.

The plaintiff contends that because the defendant's diminished income is due to his own criminal conduct, it was error to reduce his child support and alimony obligations, particularly where he had an asset against which these obligations could be applied. We agree.

██ A modification of a support order "will be set aside only if it clearly appears on the evidence that there has been an abuse of judicial discretion." *Douglas v. Douglas*, 109 N.H. 41, 42, 242 A.2d 78, 79 (1968) (citations omitted). Modification orders are measured in terms of the needs of the parties and their respective abilities to meet those needs, and trial courts, of necessity, are accorded wide discretion in regard to these determinations. *Id.* at 43, 242 A.2d at 79.

██ Recently, we have held that a trial court has the discretion to provide one party a security interest in property of the other party when modifying a support order, and that the rule prohibiting modification of property settlements does not shield property acquired pursuant to a divorce decree from the exercise of that discretion. *Murano v. Murano*, 122 N.H. 223, 230, 442 A.2d 597, 601 (1982); *Dubois v. Dubois*, 121 N.H. 664, 668–69, 433 A.2d 1277, 1279–80 (1981); *see* C. DOUGLAS, 3 N.H. PRACTICE, FAMILY LAW § 309 (1982).

■ Accordingly, if the trial court had ordered the defendant's interest in the house held as security for future payments of the original support and alimony obligations, such action would not have been an abuse of discretion, because any of the defendant's property may be applied to meet the support and alimony obligations. *Dubois v. Dubois*, 121 N.H. at 669, 433 A.2d at 1280.

■ To obtain a modification of support or alimony obligations, the defendant must show such a change in circumstances of the parties as to make the continuance of the original order "improper and unfair." *Fortuna v. Fortuna*, 103 N.H. 547, 548, 176 A.2d 708, 709 (1961). In this case, we must determine whether the continuance of the original order was improper and unfair, and whether it was error for the trial court to grant a modification where the defendant had an asset which could be applied to meet his obligations, and where the change in his financial ability was due to his own misconduct.

■ Although unemployment or diminution of earnings is a common ground for modification, a petition for modification will be denied if the change in financial condition is due to fault or voluntary wastage or dissipation of one's talents and assets. 2A W. NELSON, DIVORCE AND ANNULMENT § 17.16, at 87–88 (1961 rev. ed.). A Louisiana court has held that a request for modification of support was properly denied where a father brought about his own unstable financial condition by failing to show up for work, drinking in bars and, generally, not producing the work he was paid to perform. *Baer v. Simon*, 334 So. 2d 796, 798 (La. App. 1976); *cf. Fortuna v. Fortuna*, 103 N.H. at 549–50, 176 A.2d at 710 (defendant's association with another woman increased his financial obligations, was assumed at his own risk, and was insufficient to warrant modification).

■ In the case at hand, the defendant was engaged in criminal activity at his own peril, and his reduced financial ability was due to his own fault. His child support and alimony obligations should not be reduced where his own conduct has resulted in his loss of high-earning employment and he has at least one valuable asset, while his former spouse and his child must make sacrifices. Modification of support decrees is an exercise of the court's equity powers. Equitable relief will be denied if one comes to the court with unclean hands. *See Morrill v. Bank*, 90 N.H. 358, 368, 9 A.2d 519, 527 (1939). Accordingly, we find that the trial court erred in modifying the defendant's support and alimony obligations.

*Reversed and remanded.*

All concurred.