Rockingham
No. 83-380

MARGARET M. (NEWCOMB) HANNEMANN

v.

BASIL E. NEWCOMB

July 27, 1984

*Smith, Currier, Connor, Wilder & Lieberman P.A.*, of Nashua (*Joyce A. Wilder* on the brief), by brief for the plaintiff.

*Howard J. Nedved*, of Nashua, by brief for the defendant.

PER CURIAM.   The plaintiff appeals the Superior Court's (*Nadeau*, J.) dismissal of her motion to reduce or terminate an alimony award. We are asked to determine whether the Master (*Stephanie T. Nute*, Esq.) erred in finding that there was not a substantial change in circumstances sufficient to warrant a modification of the original decree. We affirm.

The parties were married in 1969 and were divorced by decree issued June 20, 1980. The plaintiff, Margaret M. Hannemann, was awarded custody of the couple's two minor children. The defendant, Basil E. Newcomb, was ordered to pay $12.50 per week child sup-

port. The defendant is totally disabled and has received Social Security benefits, his sole source of income, since 1975. Shortly after the divorce, the defendant was receiving $391 per month for himself, and $183 for support of his two minor children.

In September 1981, the Social Security Administration stopped mailing the disability child support payments to the defendant and began sending them directly to the plaintiff. The defendant thereupon filed a motion to terminate the court-ordered support payments and to recover from the plaintiff any amounts which she received from Social Security in excess of the amount of support ordered by the court. The Superior Court (*Bean*, J.) approved a Master's (*Stephanie T. Nute*, Esq.) recommendation and suspended the defendant's support obligations "until such time as the plaintiff no longer receives direct payment from Social Security for the children." The court denied, however, the defendant's request for reimbursement, stating that "[t]he regulations of the Social Security Administration do not permit any refunds in excess of a court ordered support decree from the amount sent by the Social Security Administration to the children . . . for their benefit."

The defendant then filed a motion for reconsideration and a request for alimony. In March 1982, the Master (*Stephanie T. Nute*, Esq.) recommended that the plaintiff pay monthly alimony in the amount of $100 to the defendant, and the Superior Court (*Nadeau*, J.) so ordered. In July 1982, the plaintiff filed a motion to reduce or terminate the alimony order because of changed financial circumstances. After a hearing before a Master (*Stephanie T. Nute*, Esq.), the Superior Court (*Nadeau*, J.) approved the master's recommendation, and the motion was dismissed. The plaintiff appeals from the denial of her motion to reduce or terminate the alimony award.

The plaintiff argues on appeal that the superior court's March 1982 alimony award was an abuse of discretion. A timely appeal from the original order was not filed, however, *see* SUPREME COURT RULE 7, and, therefore, the propriety of the original order is not at issue in this appeal. *See Rollins v. Rollins*, 122 N.H. 6, 9–10, 440 A.2d 438, 440–41 (1982). The plaintiff also argues that the superior court's consideration of the Social Security disability child support payments in assessing her ability to pay alimony was error. The plaintiff presented this issue to the superior court in a motion to set aside and reconsider the March 1982 alimony award. That motion, however, was denied, and the plaintiff did not appeal the denial. The issue, thus, is not properly before us in this appeal from the March 1983 denial of the plaintiff's motion to modify or terminate her alimony payments. *See id.*

■ To obtain a modification of an alimony award, a change in circumstances of the parties must be shown as will make a continuance of the original provisions "improper and unfair." *Noddin v. Noddin*, 123 N.H. 73, 76, 455 A.2d 1051, 1053 (1983) (quoting *Fortuna v. Fortuna*, 103 N.H. 547, 548, 176 A.2d 708, 709 (1961)). A modification order is to be measured in terms of the needs of the parties and their respective abilities to meet them. *Id.* at 75, 455 A.2d at 1053; *Douglas v. Douglas*, 109 N.H. 41, 42, 242 A.2d 78, 79 (1968). The master has broad discretion in determining whether an alimony award should be modified or terminated. *Noddin v. Noddin, supra* at 75, 455 A.2d at 1053; *Collette v. Collette*, 108 N.H. 469, 470, 238 A.2d 598, 598 (1968). Such a determination will be upheld unless, upon the evidence, it clearly appears there has been an abuse of discretion. *Marsh v. Marsh*, 123 N.H. 448, 451, 462 A.2d 126, 128 (1983); *Fortuna v. Fortuna supra.*

In the instant case, the master found that "there [had] been no change of circumstances in either party substantial enough to warrant any modification of the existing decree . . . ." The plaintiff claims that this determination constituted an abuse of discretion.

In support of her claim, she argues that an increase in the defendant's Social Security benefits, together with support given to the defendant by his relatives, has lessened the defendant's need for support from the plaintiff. The plaintiff further contends that because of decreases in her family's income, together with an increase in her family's expenses, she is unable to afford $100 monthly alimony payments.

■ The defendant testified, at the modification hearing, that his monthly benefits increased from $391 to $420, but that there is little likelihood of his ever gaining employment because of his disability. The master found that the defendant's financial condition had improved after issuance of the original award. The master reasonably could have concluded, however, that despite the improvement in the defendant's financial condition, his needs were not being met. A supported former spouse's needs are not limited to the barest necessities. *Murphy v. Murphy*, 116 N.H. 672, 675, 366 A.2d 479, 482 (1976).

The master determined that the Social Security disability child support benefits received by the plaintiff had increased in the same percentage as the defendant's benefits. The master further found that the decrease in the plaintiff's family's income was moderate and that the plaintiff voluntarily had incurred certain additional expenses.

■■ After reviewing the record, we note that the decrease in

the plaintiff's hours of employment, and, thus, her income, was not substantial. Moreover, an increase in expenses, voluntarily incurred, ordinarily will support the modification or termination of an alimony award. *See Noddin v. Noddin*, 123 N.H. 73, 76, 455 A.2d 1051, 1053 (1983). We therefore conclude that the master properly determined that continuance of the alimony award would be neither improper nor unfair. We see nothing in the record that would suggest that the master abused her discretion.

*Affirmed.*