Hillsborough
No. 92-189

CENTER FOR GASTROINTESTINAL MEDICINE, INC.

v.

WILLIAM J. WILLITTS & a.

April 13, 1993

*Cullity, Kelley and McDowell,* of Manchester, for the Center for Gastrointestinal Medicine, Inc., filed no brief.

*Wiggin & Nourie P.A.,* of Manchester (*L. Jonathan Ross* and *Barbara Abbott* on the brief, and *Ms. Abbott* orally), for Diane R. Willitts.

*Douglas & Douglas,* of Concord (*Charles G. Douglas, III* on the brief and orally), for William J. Willitts.

HORTON, J.   William J. Willitts appeals an order by the Superior Court (*Barry,* J.) approving the assignment of $5,000 of his wages per month to Diane R. Willitts to satisfy a child support order. On appeal, William Willitts claims that the amount of the assignment violates the Consumer Credit Protection Act, 15 U.S.C. § 1673 (1982), as incorporated into the New Hampshire wage assignment statute, RSA chapter 458-B (1992). We reverse and remand.

This case arises from a bill of interpleader filed by William Willitts' employer, the Center for Gastrointestinal Medicine, Inc. (CGM), seeking a determination as to the validity of the wage assignment. Diane Willitts and William Willitts were married in October 1971 and have three children. In April 1990, Diane Willitts filed for divorce, and in May 1990, the Superior Court (*Dalianis,* J.) issued a temporary order directing William Willitts to pay $6,000 per month in child

support. The defendant did not comply with the order, and in August 1991, when his payments were $40,100 in arrears, the Superior Court (*Dunn*, J.) ordered him to pay $20,000 on or before August 15, 1991, and a balance of $11,000 on or before October 1, 1991. The court granted William Willitts' request to retroactively modify his support obligation to $5,000 per month, in light of the fact that he had assumed custody of one of the parties' children.

In its August 1991 order, the superior court also found that William Willitts had intentionally reduced his income as a consequence of the pending divorce proceedings, and granted Diane Willitts' request for a wage assignment. In 1987 and 1988, William Willitts, as a practicing physician specializing in gastrointestinal medicine, earned $291,385 and $384,223, respectively. Although his income fell to $81,007 in 1989, his gross receipts totalled $467,160, reflecting only a moderate decline from the $552,287 grossed in 1988. In addition, wages paid by William Willitts totaled $262,360 in 1989, reflecting a huge increase from the $53,052 paid in 1988. In 1990, William Willitts formed CGM in Manchester. Thereafter, he became an employee of CGM, but retained a twenty-five percent interest in the corporation. His reported income declined precipitously following the formation of CGM, and in 1990 his earnings totaled only $65,000. Based on this evidence, the superior court concluded that William Willitts had intentionally restricted his income, and it directed CGM to pay to Diane Willitts "such assignments as are authorized by" RSA chapter 458-B. Diane Willitts forwarded a notice of wage assignment to CGM in the amount of $5,000 per month.

In October 1991, CGM filed a bill of interpleader to determine the validity of the $5,000 wage assignment, an amount which exceeded William Willitts' monthly earnings. Since filing the bill, CGM has paid half of William Willitts' wages directly to Diane Willitts, and has deposited the remainder into an escrow account with the superior court. The Superior Court (*Barry*, J.) upheld the wage assignment, and this appeal followed.

The defendant raises the following arguments: (1) that the wage assignment violated 15 U.S.C § 1673(b), as incorporated into RSA chapter 458-B; (2) that the trial court erred in assigning 100 percent of his wages to Diane Willitts, when he had a continuing obligation to support a minor child in his custody; and (3) that he had no duty under New Hampshire law to continue earning at his career peak for the duration of his child support obligation.

█ Resolution of this case requires that we interpret for the first time the restrictions on wage assignments in RSA chapter 458-B. Under RSA 458-B:6, I (1992), the amount of an individual's wages subject to assignment cannot exceed the limits set forth under RSA 458-B:4, IV (1992). RSA 458-B:4, IV, in turn, provides that "the total amount withheld shall not exceed the amount specified in 15 U.S.C. 1673(b)." Under 15 U.S.C. § 1673(b)(2)(A), where an individual is supporting a spouse or dependent child, no more than fifty percent of that individual's disposable weekly earnings may be garnished to enforce a support order.

The superior court concluded that the wage assignment did not run afoul of either RSA chapter 458-B or 15 U.S.C. § 1673(b), even though the amount of the assignment exceeded William Willitts' monthly earnings. The court reasoned that because William Willitts had intentionally restricted his income, he was not entitled to the assignment restrictions set forth in section 1673(b).

█ We hold that the assignment violates the clear language of 15 U.S.C. § 1673(b). Section 1673(b)(2)(A) states that where an individual is supporting a spouse or dependent child, no more than fifty percent of that individual's wages may be garnished to satisfy a support order. To allow otherwise would jeopardize the individual's ability to properly support the spouse or child in his custody. The assignment limit is unequivocal and nondiscretionary; 15 U.S.C. § 1673(c) prohibits federal or state courts from issuing garnishment orders in violation of the statute.

In upholding the $5,000 wage assignment, the superior court relied on *Noddin v. Noddin*, 123 N.H. 73, 76, 455 A.2d 1051, 1053 (1983), where we held that a petition to modify an alimony or child support order will be denied if a "change in financial condition is due to fault or voluntary wastage or dissipation of one's talents and assets." *Noddin*, however, concerned the substantive grant or modification of a support order, while we are now concerned with the enforcement of such an order. We would not hesitate to follow *Noddin* to the extent it articulates our resolve that attempts to waste or otherwise diminish one's assets shall not affect the grant or modification of a support order. We will not extend *Noddin* to overcome an express statutory restriction on the use of wage assignments to enforce support orders.

Diane Willitts contends that application of section 1673(b) would reward William Willitts for voluntarily restricting his income in the face of the pending divorce proceedings. Our holding today, however,

in no way relieves William Willitts of his legal obligation to pay Diane Willitts $5,000 per month in child support. Diane Willitts need not rely solely on RSA chapter 458-B to enforce this obligation. Other legal remedies, such as motions for contempt and attachment of capital stock interests and other assets, are available to her.

We conclude that the superior court erred in approving the $5,000 wage assignment and, thus, reverse and remand for proceedings consistent with this opinion. As our decision turns on the court's failure to comply with RSA chapter 458-B, we do not address William Willitts' additional arguments.

*Reversed and remanded.*

All concurred.