Brentwood Family Division
No. 2001-446

## In the Matter of Jean Lurvey and James D. Lurvey

Submitted: July 26, 2002
Opinion Issued: October 29, 2002

*Watson, Bosen, Harman, Venci & Lemire, P.A.,* of Portsmouth (*Jennifer A. Lemire* on the brief), for the petitioner.

*Cazden Law Office,* of Manchester (*Elizabeth Cazden* on the brief), for the respondent.

DUGGAN, J. The respondent, James D. Lurvey, appeals an order of the Brentwood Family Division (*Taube,* J.) increasing the amount and extending the duration of alimony due the petitioner, Jean Lurvey. We vacate and remand.

The parties were divorced in February 1999. The divorce decree incorporated the parties' permanent stipulations and provided that the respondent would pay monthly alimony of $1,000 through June 2001. The alimony would then be reduced gradually: two years at $750 per month, followed by two years at $500 per month and two years at $250 per month, with alimony to end on June 30, 2007.

In May 2001, the petitioner sought to increase the alimony award. She argued that increases in her rent and the cost of medical supplies required by her Crohn's disease, along with the limited increase in her teaching salary, had forced her into debt. She also argued that the respondent's financial situation had substantially improved as shown by the fact that he had been able to purchase a lakefront home and travel extensively. The trial court adopted the petitioner's proposed findings of fact and rulings of law, and ordered an increase in alimony to $1,000 per month for an indefinite period of time.

The trial court's order notes that the petitioner's income failed to keep pace with the planned reductions in alimony. The trial court found that the petitioner's Crohn's disease persisted with greater costs and more inconvenience than anticipated. The trial court further found that the petitioner's capacity to earn was compromised by Crohn's disease after the divorce. At the modification hearing, however, the petitioner's attorney

represented that the petitioner's medical condition "has not changed except that she is going back to her doctor's again to be monitored so that she will not become sick again as she has been in the past. She does not have any surgeries currently scheduled ... [; the surgeries occurred] ... prior to the divorce, and for a few years before the divorce." The record does not reveal the symptoms of Crohn's disease or its effect upon the petitioner's capacity to earn. Furthermore, the petitioner's financial affidavits indicate an increase in medical expenses from seventy dollars a month in 1999 to eighty-six dollars a month in 2001. The record does not indicate that the disease affected her ability to receive a master's degree, prepare lesson plans or take courses in order to remain accredited as a teacher.

The trial court found that the petitioner's salary increased from $30,625 at the time of the divorce to $34,908 and that her necessary living expenses have increased from $3,483 a month to $4,231. The petitioner also decided not to supplement her teacher's salary with summer employment, as she had done before the divorce. She replaced her 1988 Toyota with a 1997 Honda Accord, thereby incurring the monthly expense of a car payment. This purchase, however, occurred in January 1999, the same month she agreed to the permanent stipulations. The trial court concluded that the petitioner's net income did not keep pace with the planned reductions in alimony and "this was a substantial and unforeseen result."

On appeal, the respondent raises three issues: (1) whether the trial court adopted the wrong standard when reviewing the petition to modify the alimony award; (2) whether the evidence did not support the trial court's factual findings because the petitioner's changed circumstances were voluntary and foreseeable; and (3) whether the trial court erred in ordering indefinite alimony because the respondent has few retirement assets. Because we agree with the respondent on the first issue, we do not address the other two.

We recognize that the trial court has broad discretion in ordering the initial alimony award and we will uphold the award absent an unsustainable exercise of discretion. *In the Matter of Fowler and Fowler*, 145 N.H. 516, 519 (2000); *see also State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). "We sustain the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law." *Fowler*, 145 N.H. at 519 (quotation omitted).

The trial court adopted the petitioner's requested rulings of law, including the standard that "[t]o obtain a modification of an alimony award, a change in circumstances of the parties must be shown which will

make the continuance of the original provisions 'improper and unfair.' *Noddin v. Noddin*, 123 N.H. 73, 76 (1983)." We agree with the respondent that *Noddin* does not fully articulate the standard for modification of an alimony award.

In *Laflamme v. Laflamme*, 144 N.H. 524, 527 (1999), we held that a trial court cannot modify an award unless the petitioner shows "that a substantial change in circumstances has arisen since the initial award, making the current support amount either improper or unfair." *Laflamme* further explained that "[c]hanges to a party's condition that are both anticipated and foreseeable at the time of the decree cannot rise to the level of a substantial change in circumstances sufficient to warrant modification of an alimony award." *Id.* at 528-29. There is no reference to *Laflamme* in the petitioner's rulings adopted by the trial court.

As noted above, the trial court found that the failure of the petitioner's income to keep pace with the reductions in alimony was "a substantial and unforeseen result." However, the trial court did not find, as required by *Laflamme*, that there had been a substantial change in circumstances that was neither anticipated nor foreseeable at the time of the divorce decree which led to this result.

We therefore vacate the trial court's order and remand this case for further proceedings consistent with this opinion.

*Vacated and remanded.*

BROCK, C.J., and NADEAU and DALIANIS, JJ., concurred.