Hillsborough-southern judicial district
No. 2004-895

## IN THE MATTER OF LUCILLE J. ROSSINO AND JOSEPH A. ROSSINO

Argued: November 16, 2005
Opinion Issued: February 24, 2006

*Gawryl & MacAllister*, of Nashua (*Janine Gawryl* on the brief and orally), for the respondent.

*Lucille Rossino*, on the brief and orally, *pro se*.

BRODERICK, C.J. The respondent, Joseph A. Rossino, appeals an order of the Superior Court (*Hicks*, J.) approving a decree of divorce. The respondent argues that the court erred in applying *Noddin v. Noddin*, 123 N.H. 73 (1983), to the facts of this case and in denying joint legal custody of his minor children. We reverse in part, vacate in part, and remand.

The respondent and the petitioner, Lucille Rossino, were married in 1994. Together they have three children, born in 1996, 1999 and 2002. In March 2003, the respondent involuntarily resigned from his employment as a police officer in the Hudson Police Department following allegations that he had had sexual relations with another woman while on duty during the previous year. The respondent denied that he had sexual relations on duty but did not deny that he had sexual relations with another woman in 2002. Shortly thereafter, the petitioner filed for divorce alleging adultery and irreconcilable differences.

Following a two-day hearing, the court ruled that the *Noddin* decision applied to this case and that the respondent's earnings of $66,992 from the Hudson Police Department should be attributed to him. The court stated that "[i]n light of the [husband's] abandonment of responsibility during the past year, the Court concurs that the [wife's] request [to impute income of $5,582 gross monthly income based upon the case of *Noddin v. Noddin*] is equitable." We do not agree.

In *Noddin*, two years after a divorce, the defendant husband requested that his support obligations be reduced because of a change in his financial condition in that he had been arrested for stealing trade secrets from his employer, was fired from the position and was receiving considerably less income. *Noddin*, 123 N.H. at 74. The master agreed that the defendant's earning capacity had been substantially reduced so that he was no longer able to meet his obligations contained in the divorce decree and recommended a reduction in the child support payments. *Id.* at 75. We disagreed, holding that because "the defendant was engaged in criminal activity at his own peril, and his reduced financial ability was due to his own fault," his child support obligations "should not be reduced where his own conduct has resulted in his loss of high-earning employment." *Id.* at 76.

*Noddin* applied to a post-divorce case in which a child support order had been made. In the case before us, however, the parties were still married when the respondent involuntarily resigned from his employment, and there was no existing child support order. *Noddin* does not apply where the reduced financial condition occasioned by a party's alleged wrongdoing occurred before the filing for divorce. Therefore, the superior court erred in imputing income to the respondent based upon that case, and we reverse that ruling.

Subsequent to *Noddin*, the legislature passed RSA 458-C:2, IV(a) (2004), which provides: "The court, in its discretion, may consider as gross income the difference between the amount a parent is earning and the amount a parent has earned in cases where the parent voluntarily becomes unemployed or underemployed, unless the parent is physically or mentally incapacitated." We remand to the superior court for a determination as to whether RSA 458-C:2, IV(a) (2004) applies and, if so, whether under the terms of the statute, the respondent voluntarily became "unemployed or underemployed" for purposes of calculating child support.

The respondent next argues that the superior court erred in awarding sole legal custody of the children to the petitioner. Except in cases involving abuse, "there shall be a presumption, affecting the burden of proof, that joint legal custody is in the best interest of minor children." RSA 458:17, II (2004) (repealed Oct. 1, 2005). "If the court declines to enter an order awarding joint legal custody, the court shall state in its decision the reasons for denial of an award of joint legal custody." RSA 458:17, II(b). The court's decision states that "[j]oint legal custody is not in the best interest of the children *at this time*, due to the father's unwarranted insignificant involvement with the children over the past year

and his willingness to surrender total responsibility to mother during a year long financial crisis."

The record supports that during the divorce process, the petitioner brought no less than four additional legal actions against the respondent. Shortly before filing for divorce, the petitioner filed a domestic violence petition. The petition was subsequently dismissed. The petitioner then filed a stalking petition that was also dismissed. The petitioner then brought a criminal complaint against the respondent for sending flowers from the children on Mother's Day. The petition was subsequently dismissed. Finally, the petitioner caused a felony charge to be brought for alleged theft of her property. Approximately eight months later, after at least ten appearances in court by the respondent, the prosecution dismissed the charges. While the criminal charges were pending, bail conditions prohibited the respondent from having any communication or contact with the petitioner.

██ The court's determination on the award of legal custody apparently did not take into account the actions of the petitioner as set forth above, and thus was legally erroneous. Accordingly, we vacate the award and remand for consideration of the impact of the petitioner's repeated lawsuits on the respondent's ability to maintain contact and sustain involvement with his children during the divorce process in determining the award of legal custody.

*Reversed in part; vacated in part; and remanded.*

DALIANIS, DUGGAN and GALWAY, JJ., concurred.