Hillsborough-northern judicial district
No. 2004-896

IN THE MATTER OF VETA (GAGLIARDI) ROSSINO AND JOSEPH A. ROSSINO

Argued: November 16, 2005
Opinion Issued: April 21, 2006

*Gawryl & MacAllister*, of Nashua *(Janine Gawryl* on the brief and orally), for the petitioner.

*Veta Gagliardi*, by brief and orally, *pro se*.

GALWAY, J. The petitioner, Joseph A. Rossino, appeals an order of the Marital Master *(Nancy J. Geiger*, Esq.), as approved by the Superior Court *(Barry*, J.), denying his petition for modification of child support and granting respondent Veta Gagliardi's motion for contempt. We vacate and remand.

The record supports the following facts. The parties were married in 1987 and have one son, born in 1990. They divorced on January 17, 1992, based upon irreconcilable differences. The respondent was granted primary physical custody of their son, and the petitioner was ordered to pay child support in the amount of $110 per week.

In March 2003, the petitioner involuntarily resigned from his employment as a police officer in the Hudson Police Department following allegations that he had sexual relations with another woman while on duty during the previous year. The petitioner had been employed as a police officer for over seventeen years, since 1986. He earned an annual income of approximately $60,000, which included significant overtime. Though the petitioner denied having sexual relations while on duty, he did not deny that he had sexual relations with another woman in 2002. Despite initiating a grievance and an arbitration procedure, the petitioner was unable to return to work as a Hudson police officer.

After involuntarily resigning from the Hudson Police Department, the petitioner was unable to obtain employment in a law enforcement related field. He was intermittently employed as an electrician's apprentice with two companies at an annual income averaging approximately $36,000. After March 2003, the petitioner alleged that he was unable to make regular child support payments to the respondent.

In April 2004, the respondent sought payment of child support, and the State began garnishing the petitioner's wages in the amount of $132 per week, which reflected the weekly child support payment plus a portion of

the arrearages. In June 2004, the petitioner filed for modification of child support based upon his loss of employment with the Hudson Police Department. The respondent countered by filing a motion for contempt for failure to make child support payments in accordance with the permanent stipulation. On November 17, 2004, the court conducted a hearing by offers of proof and considered all pending motions. However, on October 27, 2004, while employed as an electrician's apprentice, the petitioner was "electrocuted." Consequently, at the time of the hearing and the subsequent filing of this appeal, the petitioner was unemployed and receiving workers' compensation.

At the November 2004 hearing, the petitioner sought a reduction in his child support obligation based upon his reduced annual income and his inability to work after the October 27, 2004 accident.

In its December 2, 2004 ruling, the court in this case took judicial notice that the marital master found, in the related divorce case between the petitioner and Lucille Rossino, *see In the Matter of Rossino & Rossino*, 153 N.H. 282 (2006), that "the [*Noddin*] case applies since it was a result of Joseph A. Rossino's own inappropriate conduct and voluntary actions that brought about his loss of employment with the Hudson Police Department." *See Noddin v. Noddin*, 123 N.H. 73 (1983). The court also reviewed the evidence, specifically noting its consideration of the petitioner's "lengthy disciplinary index," his resignation from the Hudson Police Department, and the arbitrator's decision. The trial court ruled that *Noddin* applied in this case and attributed the higher earnings from the Hudson Police Department to the petitioner.

On appeal, the petitioner argues the trial court erred in applying *Noddin* to the instant case, asserting that: (1) his improper conduct was not criminal and, therefore, did not rise to the level of fault; (2) he has no valuable assets; and (3) he is physically incapacitated as a result of the October 2004 work injury, and, therefore, RSA 458-C:2, IV(a) precludes imputing the higher income to him.

The respondent counters that the trial court correctly determined that *Noddin* applies because the petitioner's termination of employment was based upon his own actions and his retirement benefit from the Hudson Police Department constitutes a valuable asset as contemplated by *Noddin*. The respondent also asserts that the petitioner's injury does not rise to the level of physical incapacitation pursuant to RSA 458-C:2, IV(a).

"Trial courts have broad discretion in reviewing and modifying child support orders." *In the Matter of Forcier & Mueller*, 152 N.H. 463, 464 (2005) (quotation and citation omitted). We will overturn a child support modification order "only if it clearly appears that the trial court engaged in an unsustainable exercise of discretion." *Id.*

*Noddin* was decided prior to the enactment of RSA chapter 458-C. In *Noddin* we held that in the context of a post-divorce request for modification of an existing child support order, the child support obligation should not be reduced where the petitioner's wrongdoing has resulted in a loss of high-earning employment and the petitioner owns an asset which could be applied to meet his or her obligations. *Noddin*, 123 N.H. at 76; *Rossino*, 153 N.H. at 283. However, in 1988, the legislature enacted RSA chapter 458-C (2004 & Supp. 2005), which sets forth guidelines to, among other things, "establish a uniform system to be used in the determination of the amount of child support." RSA 458-C:1 (Supp. 2005).

■ RSA 458-C:2, IV (2004) defines "gross income" and grants the court discretionary authority to "consider as gross income the difference between the amount a parent is earning and the amount a parent has earned in cases where the parent voluntarily becomes unemployed or underemployed, *unless the parent is physically or mentally incapacitated*." RSA 458-C:2, IV(a) (emphasis added). Thus, for the purposes of calculating child support under this section, the trial court must first determine that the parent who is alleged to be voluntarily unemployed or underemployed is neither physically nor mentally incapacitated before considering whether, under the terms of the statute, that parent voluntarily became "unemployed or underemployed." If the court determines that a parent is unemployed or underemployed within the meaning of the statute, RSA 458-C:2, IV(a) sets forth the method the court may, in its discretion, use when calculating the amount of gross income to be imputed to that parent; namely, "the difference between the amount [that] parent is earning and the amount [that] parent has earned." RSA 458-C:2, IV(a); *see In the Matter of Bazemore & Jack*, 153 N.H. 351 (2006) (holding that trial court has discretion to impute less than the total difference between the amount the parent is earning and the amount the parent has earned).

■ In *Rossino*, we did not reach the issue of whether, or how, *Noddin* applies in the context of a post-divorce petition for modification of child support arising after the enactment of RSA 458-C:2, IV(a). Accordingly, we now hold that RSA 458-C:2, IV(a) supersedes *Noddin*. To conclude otherwise would circumvent the stated purpose of RSA chapter 458-C to establish uniformity in child support determinations and modifications. *See* RSA 458-C:1. Thus, the trial court erred when it failed to consider the petitioner's request for child support modification under RSA 458-C:2, IV(a) and, instead, ruled that *Noddin* applied and imputed the petitioner's higher earnings as a police officer to him.

Here, the petitioner raised the issue of his physical incapacity at the November 2004 hearing. Furthermore, during the hearing, the respondent conceded that she was not contesting the legitimacy of the petitioner's claim that he had been "electrocuted" and was unable to work full time. Therefore, the trial court committed an unsustainable exercise of discretion when it failed to make a determination regarding the petitioner's alleged physical incapacity under RSA 458-C:2, IV(a). Only if it determined that the petitioner was not physically or mentally incapacitated would the trial court proceed to determine whether, under the terms of that statute, the petitioner voluntarily became "unemployed or underemployed" for the purposes of imputing income to him. Accordingly, we remand this case to the superior court for a determination consistent with RSA 458-C:2, IV(a) and this opinion.

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.