Laconia Family Division
No. 2007-733

IN THE MATTER OF JOANNE FONTAINE AND CALVIN F. DUNN, III

Submitted: August 1, 2008
Opinion Issued: August 21, 2008

Joanne Fontaine, *pro se*, filed no brief.

*Douglas, Leonard & Garvey, P.C.*, of Concord (*Carolyn S. Garvey* and *Benjamin T. King* on the brief), for the respondent.

HICKS, J. The respondent, Calvin F. Dunn, III, appeals an order of the Trial Court (*Sadler*, J.) finding that he was voluntarily underemployed and establishing his child support obligation based upon his past earnings. *See* RSA 458-C:2, IV(a) (2004). We vacate and remand.

The following facts were found by the trial court and are not contested on appeal. The parties were never married; they are the parents of twin daughters born in 1994. In November 2001, the respondent sustained a self-inflicted gunshot wound in the face, causing significant injury that required his lower jaw to be reconstructed. He had several surgeries and testified at the hearing that surgery and reconstruction procedures would continue for several more years.

In 2005, the petitioner, Joanne Fontaine, filed a parenting and child support petition. After a hearing, the trial court found that the respondent was physically incapacitated, which limited his current ability to earn income. The trial court determined that because his incapacity was caused by his own voluntary act, he was voluntarily underemployed for purposes of child support. On appeal, he argues that the trial court's finding that he is voluntarily underemployed is: (1) in conflict with the plain language of RSA 458-C:2, IV(a) and our decision in *In the Matter of Rossino & Rossino*, 153 N.H. 367 (2006); and (2) unsupported by the evidence.

RSA 458-C:2, IV(a) provides: "The court, in its discretion, may consider as gross income the difference between the amount a parent is earning and the amount a parent has earned in cases where the parent voluntarily becomes unemployed or underemployed, unless the parent is physically or mentally incapacitated." Whether a party is underemployed is generally a question for the fact finder, whose decision will be affirmed on appeal unless unsupported by the record. *In the Matter of Sarvela & Sarvela*, 154 N.H. 426, 435 (2006).

We have previously held that the language of RSA 458-C:2, IV(a) requires that a trial court first determine that a parent is not physically or mentally incapacitated before it reaches the issue of whether the parent is voluntarily underemployed. *Rossino*, 153 N.H. at 371. In this case, the trial court found *Rossino* was distinguishable because "Rossino was electrocuted on the job; an involuntary act as there is no evidence in the opinion to suggest that he tried to electrocute himself and the respondent agreed that he was unable to work full time." We do not read *Rossino* so narrowly; moreover, RSA 458-C:2, IV(a) does not permit such a distinction. *See Appeal of Harleysville Ins. Co.*, 156 N.H. 532, 534 (2007) (when examining language of statute, we interpret legislative intent from statute as written and do not consider what legislature might have said or add words legislature did not include). Under RSA 458-C:2, IV(a), a parent's culpability is not relevant to a determination of whether the parent is physically or mentally incapacitated. Rather, a determination of whether a parent is voluntarily unemployed or underemployed requires two separate analyses. "Only if it determined that the [parent is] not physically or mentally

incacitated would the trial court proceed to determine whether, under the terms of that statute, the [parent] voluntarily becomes 'unemployed or underemployed' for the purposes of imputing income to him." *Rossino*, 153 N.H. at 371 (quoting RSA 458-C:2, IV(a)).

Having made a finding of physical incapacitation, the trial court erred in finding that the respondent was voluntarily underemployed. We therefore vacate the trial court's order and remand for such further proceedings as the trial court may deem necessary.

*Vacated and remanded.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.