Laconia Family Division
No. 2009-918

IN THE MATTER OF KENNETH R. CANAWAY AND MARY N. CANAWAY

Argued: September 16, 2010
Opinion Issued: December 7, 2010

*Conklin & Reynolds, P.A.*, of Plymouth (*Deborah R. Reynolds* on the brief and orally), for the petitioner.

*Law Offices of Paul M. Colella*, of Winchester, Massachusetts (*Paul M. Colella* on the brief and orally), for the respondent.

DUGGAN, J. The petitioner, Kenneth Canaway (husband), appeals a decision of the Laconia Family Division (*Sadler*, J.) denying his petition to terminate alimony payments to the respondent, Mary Canaway (wife), and awarding the wife attorneys' fees. We affirm.

The record supports the following facts. The parties were divorced in 1994 following twenty-four years of marriage. At that time, in addition to dividing the parties' marital assets, the court ordered the husband to pay alimony of $2,500 per month for one year, $1,500 per month for the next two years and $1,000 per month indefinitely thereafter. The court ordered indefinite alimony because of the parties' "disproportionate abilities to earn income at present and in the future."

In 2003, the husband filed the first of three motions to modify alimony, alleging that his employer had laid him off because of downsizing and that he could not find another job. He also alleged that poor health limited his ability to work. The court denied his motion, finding that there had not been a "substantial unforeseen change in circumstances making the continuation of the present order unfair or improper."

In 2007, the husband again moved to terminate his alimony obligation, alleging that alimony was no longer justified based upon the parties' current financial conditions, his health, and his inability to earn a sufficient income to meet his reasonable expenses. The court denied his motion to terminate alimony, but reduced the payments to $750 per month, indefinitely. The court found that the wife still needed alimony despite an increase in income, that the court that issued the original alimony order knew the parties' situations were likely to change, that the husband had a college education and employment skills that would allow him to obtain employment, and that he still owned substantial unencumbered assets.

In 2009, the husband brought his third motion to terminate alimony. He again argued that he could no longer afford to pay alimony, alleging that he had been forced to borrow $69,000 against his home "to make ends meet," that he had to withdraw money from his IRAs to pay his living expenses and alimony, and that he had little to no income. He also contended that his medical condition restricted his ability to find employment. He further alleged that the wife's income exceeded his own, even allowing her to make monthly contributions to her IRA. In response, the wife filed a petition for contempt, alleging that the husband unilaterally ceased paying alimony in December 2008.

The trial court found that even with alimony, the wife lived in a "delicate financial balance," and that her budget was about $500 in deficit each month. The court determined that the husband had the ability to pay, but chose to spend his available funds in other areas such as supporting his fiancée and helping to clear her debt and run her businesses. The court also found that he allowed his fiancée to run her businesses out of his home and consulted for her businesses without receiving compensation. Accordingly, the court denied the husband's motion to terminate alimony and ordered him to make a lump sum payment of $5,250, representing seven months of arrearage, and to continue paying alimony as provided in the 2007 order. The court also granted the wife's motion for contempt because the husband "unilaterally stopped paying without trying to discuss the situation or make partial payment." As a result, the court ordered the husband to pay $4,560 in attorneys' fees. The husband appealed both the denial of his motion to modify and the granting of the wife's motion for contempt.

We will uphold an order on a motion to modify a support obligation absent an unsustainable exercise of discretion. *In the Matter of Arvenitis & Arvenitis*, 152 N.H. 653, 654 (2005). "We sustain the findings and rulings of the trial court unless they are lacking in evidential support or tainted by error of law." *In the Matter of Lurvey & Lurvey*, 148 N.H. 469, 470 (2002) (quotation omitted). The husband argues that the trial court erred by requiring him to deplete his remaining assets in order to meet his alimony obligations, and by failing to consider his loss of income and declining health. He also argues that the wife had the burden to prove both that she had a continuing need for alimony and that he could afford alimony payments. Finally, he asserts that the trial court improperly granted the wife's request for attorneys' fees because she did not allege, and the court did not find, that the husband's failure to pay alimony was "without just cause."

RSA 458:14 (2004) provides that "[e]xcept as otherwise provided in RSA 458:19, I and VII, the court, upon proper application and notice to the adverse party, may revise and modify any order made by it, may make such new orders as may be necessary, and may award costs as justice may require." The party requesting an alimony modification must show "that a substantial change in circumstances has arisen since the initial award, making the current [alimony] amount either improper or unfair." *Laflamme v. Laflamme*, 144 N.H. 524, 527 (1999) (quotation omitted). "Changes to a party's condition that are both anticipated and foreseeable at the time of the decree cannot rise to the level of a substantial change in circumstances sufficient to warrant modification of an alimony award." *Id.* at 528-29.

The husband first argues that the trial court did not have the authority to require him to either sell assets or use the equity in his home to borrow money in order to pay alimony. The short answer is that the court here did neither. Rather, it properly considered the husband's ability to pay, *see* RSA 458:19, I(b) (Supp. 2009), the wife's need for alimony, *see* RSA 458:19, I(a) (Supp. 2009), and whether the husband proved a substantial change in circumstances since the initial award justifying the termination of his alimony payments, *see Laflamme*, 144 N.H. at 527. After hearing all of the husband's evidence regarding his changed circumstances, the court found that the husband still had sufficient resources to pay alimony, but chose to support his fiancée rather than paying alimony.

In its order, the court noted that the husband suffered from numerous health issues, lost a significant portion of his retirement in the stock market downturn, and struggled to find employment. Nonetheless,

the court determined that the husband had approximately $250,000 in equity in his home, a secondary motor vehicle worth approximately $13,000 and a retirement account worth approximately $53,000. The court also found that the husband consulted for one of his fiancée's businesses for no compensation, allowed his fiancée to run her business out of his home without paying rent, and required only minimal household contributions from his fiancée. *See Noddin v. Noddin*, 123 N.H. 73, 76 (1983) (holding that a change in financial condition "due to fault or voluntary wastage or dissipation of one's talents and assets," is not grounds for modification), *superseded on other grounds by statute as recognized by In the Matter of Sarvela and Sarvela*, 154 N.H. 426, 435 (2006), *and In the Matter of Rossino and Rossino*, 153 N.H. 367, 370 (2006); *see also Fortuna v. Fortuna*, 103 N.H. 547, 549-50 (1961) (holding that obligations resulting from associating with another partner are assumed at the payor's own risk and do not affect his obligations to his previous spouse).

While the husband claims that the court failed to consider his declining income and failing health, the record establishes that the court was aware of these factors, but still determined that the husband had sufficient assets to pay alimony. Furthermore, the parties' initial divorce decree provided for indefinite alimony because of the parties' "disproportionate abilities to earn income at present and in the future." Additionally, in its order on the husband's 2007 motion to terminate alimony, the court noted that the court issued its original indefinite alimony order knowing that the situation of the parties was likely to change. *See Laflamme*, 144 N.H. at 527 (holding that the divorce decree "must be interpreted in light of the facts and circumstances known to the parties and the court at the time the court issued the decree, along with future facts or circumstances known or reasonably anticipated to occur in the future"). Based upon these findings, we cannot say that the court's ruling was untenable or unreasonable. *See State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining the unsustainable exercise of discretion standard).

█ The husband next contends that the wife had the burden to prove that she had a continuing need for alimony and failed to meet that burden. He argues that RSA 458:19 (Supp. 2009) places the burden of proof on the party seeking a continuation of alimony. However, RSA 458:19 begins with the limiting phrase, "[u]pon motion of either party for alimony payments," and is thus inapplicable to the husband's modification request as neither party has filed a motion for new alimony payments. Instead, the husband seeks to terminate his alimony obligations, and he alone has the burden of proving changed circumstances. *See Laflamme*, 144 N.H. at 527. While the court must inquire into the changed circumstances of both parties, *see*

*Arvenitis,* 152 N.H. at 655 (explaining that the trial court must consider all of the circumstances of the parties), the burden of proof rests with the party seeking a modification, *see Laflamme,* 144 N.H. at 527. Additionally, the court found that the wife's budget is approximately $500 in deficit each month, and, even with the alimony payments, she "is living in a delicate financial balance." This evidence supports the court's ruling that the wife has a continuing need for alimony.

The husband also asserts that the court erred in finding that he has the ability to pay alimony because the party receiving alimony must prove the other party has the ability to continue making payments. The husband again cites the incorrect burden of proof, relying upon cases decided prior to the 1985 amendment of RSA 458:19. Under the prior version of RSA 458:19, alimony automatically expired after three years, *see* RSA 458:19 (1983), and the party seeking a renewal or an extension had the burden of showing that justice required a renewal or extension. *Morphy v. Morphy,* 114 N.H. 86, 88 (1974). However, the current version of RSA 458:19 authorizes the court to issue indefinite alimony orders, *see* RSA 458:19 (Supp. 2009) ("the court shall make orders for the payment of alimony to the party in need of alimony, either temporary or permanent, for a definite or indefinite period of time"), and a party seeking to modify such an order bears the burden of proof, *see Laflamme,* 144 N.H. at 527. Accordingly, the husband's argument is without merit.

Finally, the husband contends that the trial court improperly awarded the wife attorneys' fees because she did not allege, and the trial court did not find, that his failure to pay alimony was "without just cause." *See* RSA 458:51 (2004). However, the husband failed to preserve this issue for our review because he did not raise it before the trial court. *See Lassonde v. Stanton,* 157 N.H. 582, 596 (2008). While the wife does not argue that the husband failed to preserve this issue, we may consider the failure of the moving party to comply with this requirement regardless of whether the opposing party objected on these grounds. *Bean v. Red Oak Prop. Mgmt.,* 151 N.H. 248, 250 (2004). As the appellant, the husband bears the burden of demonstrating that he raised this issue before the trial court. *See id.;* SUP. CT. R. 16(3)(b). The husband's motion for reconsideration argues that the court erred in granting the wife attorneys' fees, but it does not do so on the basis that the wife failed to comply with the pleading requirements of RSA 458:51. *See Singer Asset Finance Co. v. Wyner,* 156 N.H. 468, 472 (2007) ("[A] party must make a specific and contemporaneous

objection during trial court proceedings to preserve an issue for appellate review."). Accordingly, we decline to address this issue.

*Affirmed.*

DALIANIS, HICKS and CONBOY, JJ., concurred.