**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0579, <u>In the Matter of Maarten Postema and Linda Nimat</u>, the court on June 18, 2020, issued the following order:**

The respondent's motion to strike the petitioner's brief and to dismiss the appeal is denied. Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Maarten Postema (husband), appeals post-final-decree orders of the Circuit Court (<u>Luneau</u>, J.) on a motion to modify his support obligations. He argues that the trial court erred in: (1) classifying severance payments as income rather than property; (2) "double counting" the severance payments for purposes of child support; (3) denying his motion to modify alimony; and (4) ordering him to liquidate assets to pay his support obligations.

The record shows that in August 2018, after the final hearing, but before the final decree, the husband lost his job and received severance payments totaling $189,257 before taxes. The temporary child support order then in effect required him to pay guideline support of $1,633 bi-weekly plus 26 percent of any net bonuses, commissions, or other lump sum payments received from his employer. Accordingly, the trial court ordered the husband to pay 26 percent of his severance payments as child support.

The husband first argues that the trial court erred in classifying the severance payments as income rather than as marital property. He concedes that he did not raise this issue in the trial court or in his notice of appeal and seeks plain error review. <u>See</u> <u>Sup. Ct. R.</u> 16-A. The plain error rule allows us to consider errors not brought to the trial court's attention. <u>Clark & Lavey Benefits Solutions v. Educ. Dev. Ctr.</u>, 157 N.H. 220, 225 (2008). However, the rule should be used sparingly, its use limited to those circumstances in which a miscarriage of justice would otherwise result. <u>Id</u>. An error is "plain" if the law was clearly settled to the contrary. <u>Id</u>.

The husband argues that the trial court's ruling was clearly contrary to our holding in <u>Cohen & Richards</u>. However, that case involved a conditional right to receive a lump sum severance payment in the future. <u>See</u> <u>In the Matter of Cohen & Richards</u>, 172 N.H. 78, 90 (2019). In this case, by contrast, the husband received the severance payments while the divorce was pending and temporary orders were in effect requiring him to pay, as additional child

support, 26 percent of any lump sum payments from his employer. Under these circumstances, even assuming, without deciding, that there was error, we conclude that the error was not plain. See Clark & Lavey, 157 N.H. at 225.

The husband also argues that the trial court "double-counted" his severance payments for purposes of child support by treating them as lump sum payments and including them in his base pay for the months of September and October 2018. The record does not support such a claim. On the contrary, the trial court noted that, having ordered the husband to pay 26 percent of his severance payments as child support, "it would be confiscatory to include the severance in his monthly income for base child support." The trial court's August 6, 2019 calculation of arrearages shows no "double counting" of severance payments. Accordingly, we find no error.

The husband next argues that the trial court unsustainably exercised its discretion in denying his motion to modify alimony. We review the trial court's order on a motion to modify alimony for an unsustainable exercise of discretion. In the Matter of Canaway & Canaway, 161 N.H. 286, 289 (2010). We will uphold the trial court's findings and rulings unless they are unsupported by the record or erroneous as a matter of law. Id. In the final decree, the court ordered the husband to pay, in lieu of alimony, the first mortgage and real estate taxes on the former marital home. Once the respondent, Linda Nimat (wife), refinanced or sold the home, the husband would be required to pay $3,000 per month in alimony for five years from the date of the decree. The trial court applied, without objection, the standard for modifying alimony set forth in RSA 458:19-aa (Supp. 2019). Under RSA 458:19-aa, I, the court may modify alimony if it finds, based on clear and convincing evidence, that: (1) there has been a substantial and unforeseeable change of circumstances; (2) there is no undue hardship on either party; and (3) justice requires a change in alimony. See RSA 458:19-aa, I. After a hearing, the trial court found that, although there had been a substantial and unforeseeable change of circumstances, the husband had the resources to continue to pay the mortgage and taxes as previously ordered. The court found that modifying alimony would cause hardship to the wife, who was attempting to refinance the residence, and that justice required that alimony remain unchanged. We conclude that the record supports the court's findings. See In the Matter of Canaway, 161 N.H. at 289.

The husband next argues that the trial court erred in ordering him to liquidate assets to pay his support obligations. The trial court must have had the opportunity to consider any issues asserted by the appellant on appeal; thus, to satisfy this preservation requirement, any issues which could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Fam. Div. R. 1.26(F); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). In its April 30, 2019 orders, the trial court found the husband to be in contempt for failing to pay child

2

support and the mortgage "despite having the resources to do so." After an August 5, 2019 hearing, the court found that he had a child support arrearage of $18,430 (as of July 17, 2019), and that he had not paid the mortgage for the months of June, July and August 2019. Although the husband stated in his August 15, 2019 motion for reconsideration that he withdrew funds from his retirement account to pay the mortgage, he did not claim that the court erred in ordering him to liquidate assets to pay his support obligations. On the contrary, he asked the court to remove a lien to allow him to make additional payments from his retirement assets. Accordingly, we conclude that the husband has not preserved this issue for review. See Fam. Div. R. 1.26(F); Butland, 147 N.H. at 679.

Finally, the husband argues that it is "impossible" for him to liquidate assets awarded to him in the property division without removing the lien that the court awarded to the wife to secure his obligations. We conclude that this argument is not sufficiently developed to warrant review. See State v. Blackmer, 149 N.H. 47 (2003) (judicial review not warranted for complaints regarding adverse rulings without developed legal argument).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

3